s/ Helen E. Cooney Mueller, Esq. (HCM 4226)
45 Swiss Terrace
Wayne, New Jersey 07470
(973) 633-8021
FAX (973) 633-8021
helenelmueller@yahoo.com
Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEWARK, NEW JERSEY

**Plaintiffs**

ELEANOR AND RALPH SCHIANO,
as wife and husband, and individually.

DOCKET NO.: CV-05-1771 (JLL)

vs.

**Defendants**

MBNA, corporation;

WOLPOFF & ABRAMSON, LLP;

PRESSLER & PRESSLER, Counsellors at Law;

GERALD FELT, Esq., partner Pressler & Pressler, personally;

NATIONAL ARBITRATION FORUM.

*CIVIL ACTION*

**AMENDED COMPLAINT FOR VIOLATION of 15 U.S.C. 1692, et seq. and 9 U.S.C. 1-4 and FRAUD.**

JURY TRIAL DEMAND

Plaintiffs, Eleanor and Ralph Schiano, residing at 11 Susan Avenue, Township of Wayne, County of Passaic, State of New Jersey, complaining of the defendants as follows:

### FIRST COUNT
### I

Plaintiffs are residents of the Township of Wayne, County of Passaic, State of New Jersey, as stated above.

## II

Defendant, MBNA, is a corporation or other business entity organized pursuant to the laws of the State of Delaware, with its principal place of business at: 1100 North King Street, Wilmington, Delaware 19850.

## III

Defendant, Wolpoff & Abramson, LLP, is a law firm in the regular business of debt collection, duly licensed by the State of Maryland, and other states, with its principal place of business at: Two Irvington Centre, 702 King Farm Boulevard, Rockville, Maryland 20850.

## IV

Defendant, Pressler & Pressler, Counsellors at Law, is a law firm in the regular business of debt collection, duly licensed by the State of New Jersey, with its principal place of business at: 16 Wing Drive, Cedar Knolls, New Jersey 07927.

## V

Defendant, Gerald Felt, Esq., is a senior partner at the law firm of Pressler & Pressler, and is in the regular business of debt collection, duly licensed by the State of New Jersey, with his principal place of business at: 16 Wing Drive, Cedar Knolls, New Jersey 07927.

## VI

Defendant, National Arbitration Forum, is a national arbitration entity, with its principal place of business at: 1700 West Highway 36, Suite 500, Roseville, Minnesota 55113.

### VII

The grounds upon which the jurisdiction of this court depends are that this is an action brought for violation of federal statutes. Jurisdiction of this action is conferred on this Court by Title 28, United States Code, section 1331.

### VIII

The claim arose on or about October 11, 2004 (arbitration award June 04, 2004) and is more fully set forth below.

### IX

Plaintiffs charge that defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, and Gerald Felt, Esq. violated the Fair Debt Collections Practices Act, 15 U.S.C. sec. 1692 et seq., specifically, but not limited to, 15 U.S.C. sec. 1692 (e) (2) (A) (B), (4), (5), (6) (A) (B), (8), (9), (10), (12), (13), and (14), **1692 (d), (f), (g), (h), (j), (k), (l), (n).**

### X

In or about December, 2002, plaintiff, Ralph Schiano, lost his job and could no longer pay his debts. Mr. Schiano also became ill with significant medical problems making obtainment of new employment extremely difficult. Mr. Schiano thus attempted to settle his accounts with defendant, MBNA. Mr. Schiano had three accounts with MBNA. All three accounts were obtained solely based on Mr. Schiano's income. One account was in Mr. Schiano's name solely and the other two accounts were in Mrs.

Schiano's name, but obtained based solely on Mr. Schiano's income as primary wage earner. MBNA agreed to settle the account solely in Mr. Schiano's name for approximately thirty percent of the debt owed. MBNA refused to settle the accounts in Mrs. Schiano's name until she defaulted on the accounts. Based on MBNA's representation that they would settle Mrs. Schiano's accounts after default, Mr. Schiano settled his account for approximately thirty percent of debt owed and plaintiffs defaulted on the other two accounts which totaled approximately twenty-five thousand and eight hundred dollars ($25,800.00).

### XI

In or about early 2003, plaintiffs attempted to settle the other accounts with MBNA. MBNA refused to settle the accounts and noticed plaintiffs with "Intent to Arbitrate." It is on information and belief that plaintiffs remaining MBNA accounts were either assigned to or bought by defendant, Wolpoff & Abramson, LLP. Soon thereafter, Wolpoff & Abramson commenced debt collection activity versus plaintiffs representing that it represented MBNA. In or about, August, 2003, attorney for plaintiffs wrote to Wolpoff & Abramson detailing plaintiffs' situation. Neither attorney for plaintiffs nor plaintiffs heard from Wolpoff & Abramson. In or about November, 2003, plaintiffs received notification of arbitration, including forum case number, with defendant, National Arbitration Forum. Second notice was received in or about January, 2004. Attorney for plaintiffs, wrote to National Arbitration Forum detailing facts and stating Wolpoff & Abramson refused to discuss or negotiate settlement. On February 23, 2004, a Hearing only on the Documents was scheduled. The Document Hearing was to occur **not more than thirty (30) days from the date of February 23, 2004.** Plaintiffs were given only ten (10) days to submit documents. In April, 2004, long following expiration of the 30 days, plaintiffs received a settlement offer from Wolpoff & Abramson. In May, 2004, after Wolpoff & Abramson's settlement offer expired, plaintiffs received notice from the

National Arbitration Forum that Wolpoff & Abramson was to submit documents showing any offers of settlement. Presumably, Wolpoff & Abramson submitted same to the National Arbitration Forum. Incredibly, in or about June 4, 2004, the Honorable Kalina issued an arbitration award versus plaintiffs in the sum of approximately thirty-five thousand dollars for the two debts. Attorney for plaintiffs requested credentials on the Honorable Kalina and an opinion as to basis for award which as yet to be received.

### XII

In or about July, 2004, defendant, Pressler & Pressler, commenced debt collection activity versus plaintiffs stating that they represented MBNA. Plaintiffs communicated directly with Pressler & Pressler and were threatened by same that if the outstanding debt of approximately $35,000.00 (arbitration award) was not paid, counsel fees and costs would continue to escalate at that rapid rate. On or about September 4, 2004, Pressler & Pressler, through defendant, Gerald Felt, Esq., filed an action in the Superior Court of New Jersey for one of the accounts. Named plaintiff was MBNA and Mr. Felt certified that there were no other parties in the matter. In October, 2004, defendants, Pressler & Pressler, offered a "supposed" settlement on behalf of MBNA for the sum of approximately twenty-nine thousand dollars ($29,000.00) regarding the two outstanding accounts and represented that plaintiffs would receive closing documents as to satisfaction of the debts. This amount was actually **payment in full** of the two accounts plus additional monies. No judgments had been obtained regarding the arbitration awards that totaled $35,000.00, thus the actual debt of the two MBNA accounts was $25,800.00. Threatened and immensely fearful of continued threats by defendants that fees and costs would continue to escalate at a rapid rate, plaintiff, Mr. Schiano, attempted to refinance his house. Unable to obtain conventional mortgage refinancing, which defendants were made aware, Mr. Schiano was forced to obtain a fluctuating arm mortgage for thirty years

that has placed plaintiffs in a severe financial hardship (mortgage payments increased significantly and will continue to repeatedly increase over the next thirty (30) years). A condition of the mortgage refinancing was that the two outstanding MBNA accounts be paid. On or about October 8, 2004, plaintiffs refinanced and settlement agent for the refinancing forwarded to Pressler & Pressler the sum of approximately twenty-nine thousand dollars ($29,000.00) to be forwarded to MBNA in settlement of condition of refinancing that MBNA be paid. This amount, $29,000.00 was actually payment in full of the two MBNA accounts plus additional monies.

## XIII

In or about January, 2005, plaintiffs sought credit from other corporations in an attempt to relieve their financial hardship caused by the new unconventional mortgage. Credit was denied. Plaintiffs obtained credit reports to ascertain denial of credit. Credit reports, for both Mr. and Mrs. Schiano, reflected MBNA accounts **were charged off,** thus reflecting a loss by MBNA and placing plaintiffs in the high risk credit category. Moreover, it was now ascertained that the MBNA accounts which were to paid off as condition of refinancing had not been paid. Plaintiffs contacted MBNA who informed them that the accounts were **not paid**, that they did not receive plaintiffs' monies, and that they should contact Wolpoff & Abramson. Plaintiffs contacted defendant, Wolpoff & Abramson, who informed them they should contact Pressler & Pressler. Plaintiffs contacted defendant, Pressler & Pressler, several times to resolve the matter. Pressler & Pressler forwarded false and fraudulent documents stating accounts were paid knowing that this information was false. Defendants refused to assist plaintiffs any further in resolving the matter. Plaintiffs disputed the credit reports with the credit reporting agencies who received verification from MBNA that the accounts were unpaid. Further, it was now ascertained that the conditions of the refinancing had not been met by defendants as the plaintiffs' monies were not forwarded to MBNA. Thus, not only did

defendants defraud the plaintiffs, but also defrauded mortgage and title company utilized for the mortgage refinancing as condition to pay off MBNA accounts was not met.

Case 2:05-cv-01771-JLL-CCC   Document 8   Filed 05/16/2005   Page 7 of 20

## XIV

Plaintiffs also charge that defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, and Gerald Felt, Esq., purposefully and knowingly defrauded plaintiffs in violation of the 15 U.S.C. 1692, et seq, in that defendants, purposefully and knowingly knew that at least one of plaintiffs' two outstanding MBNA accounts was not subject to arbitration. Nevertheless, defendants falsely and fraudulently represented to plaintiffs that account(s) was subject to arbitration and provided false documents and information to the National Arbitration Forum. The National Arbitration Forum knew or should have know that documents provided to them regarding plaintiffs' accounts and supposed required arbitration were false and fraudulent.

## XV

Defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, and Gerald Felt, Esq., violated 15 U.S.C. 1692, et seq, sections detailed above, in that they used false, deceptive, and misleading representation in connection with the collection of a debt. Defendants violated said statute by falsely, fraudulently, and deceptively representing to plaintiffs and the Superior Court of New Jersey that they represented MBNA and/or deliberately and purposefully failed to make payment to MBNA for full payment and satisfaction of the debts as falsely promised to plaintiffs. Defendants fraudulently and falsely represented that plaintiffs were subject to arbitration, represented in court documents that there were no other parties to the matter, that plaintiffs would receive valid documentation upon closing that plaintiffs debts to MBNA were indeed satisfied, and that the National Arbitration Award(s) was a valid legal judgment versus plaintiffs. Based upon defendants' threats and false, deceptive and misleading representation, plaintiffs forwarded the sum of approximately twenty-nine thousand dollars ($29,000.00) to defodant, Pressler & Pressler, which was full payment

of the MBNA accounts plus additional monies.  MBNA has represented to plaintiffs and credit reporting agencies that they never received plaintiffs'  monies in satisfaction (payment in full) of plaintiffs debts as had been falsely promised by defendants.

## XVI

As a direct and proximate result of defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, and Gerald Felt, Esq., violations of the Fair Debt Collections Practices Act, plaintiffs are entitled to monetary damages permissible under the federal statute, 15 U.S.C. 1692 et seq.

Wherefore, plaintiffs demand judgment in this Court against defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, and Gerald Felt, Esq., personally, individually, jointly, severally, alternatively for monetary damages in the amount permissible under federal statute 15 U.S.C. 1692 et seq., and seek declaratory relief establishing payment in full to MBNA in October, 2004 and/or to set aside the settlement pursuant to federal and state law.

## SECOND COUNT
## I

Plaintiffs repeat and reallege each and every allegation of the First Count as if fully set forth herein at length.

## II

Defendants, MBNA, Wolpoff & Abramson, LLP, National Arbitration Forum, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., violated the Federal Arbitration Act, 9 U.S.C. 1-4, in that arbitration award(s) were procured by collusion, corruption, fraud, deliberate and purposeful delay of Document Hearing to escalate costs and fees, that there was evidence of partiality and/or corruption in the arbitrators, no

permitted discovery between parties, no opinion on the award that was requested by the plaintiffs, falsely and fraudulently represented plaintiffs were subject to arbitration, and falsely and fraudulently represented that arbitration awards were valid judgments.

### III

As a direct and proximate cause of defendants' willfull and prposeful violation of 9 U.S.C. 1-4, plaintiffs are entitled to monetary damages permissible under said federal statute.

Wherefore, plaintiffs demand judgment in this Court against defendants, MBNA, Wolpoff & Abramson, LLP, National Arbitration Forum, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., personally, individually, jointly, severally, alternatively for monetary damages in the amount permissible under 9 U.S.C. 1-4 and seek declaratory relief establishing payment in full to MBNA in October, 2004 and/or to set aside the settlement.

### THIRD COUNT

### I

Plaintiffs repeat and reallege each and every allegation of the First and Second Counts as if fully set forth herein at length.

### II

Plaintiffs charge defendants MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and the National Arbitration Forum violated the equal protection/due process clauses of the Fourteenth Amendment and of the United States Constitution in failing to settle plaintiff's, Mrs. Shiano, accounts with MBNA, that were obtained through Mr. Schiano's income, in the same manner as Mr. Schiano's account was settled. Defendant, National Arbitration Forum, failed to provide

due process under the due process clause of the Fourteenth Amendment of the United States Constitution.

### III

As a direct and proximate cause of defendants' violation of the Fourteenth Amendment of the United States Constitution, plaintiffs suffered monetary and financial loss and damages, including but not limited to fact that plaintiffs had to obtain an unconventional mortgage for thirty (30) years to pay off, in full, debts to MBNA and that MBNA never received plaintiffs' monies. This has caused severe financial hardship to plaintiffs for the next thirty years who are entitled to monetary and declaratory relief.

Wherefore plaintiffs demand judgment in this Court against MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum, individually, jointly, severally, alternatively, for monetary damages in the amount of three hundred and fifty thousand dollars ($350,000.00), or such greater amount as may be appropriate, with interest as provided by the law, attorney fees, and costs and disbursements of this proceeding, and declaratory relief establishing payment in full to MBNA in October, 2004 and/or to set aside the settlement.

### FOURTH COUNT

### I

Plaintiffs repeat and reallege each and every allegation of the First, Second, and Third Counts as if fully set forth herein at length.

### II

Plaintiffs charge defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum committed fraud and misrepresentation on the plaintiffs and fraud on the court, Superior Court of New Jersey, by falsely and fraudulently with malice, and without reasonable

cause, representing status of plaintiffs' MBNA accounts. With purposeful malice and malicious intent to defraud plaintiffs, defendants made false and fraudulent oral representations and promises, and false and fraudulent written documentation representations and promises to the plaintiffs and Superior of New Jersey. Defendants falsely, fraudulently, and deceptively represented to plaintiffs and the Superior Court of New Jersey that plaintiffs were subject to arbitration, and that they represented MBNA and/or deliberately and purposefully failed to make payment to MBNA for full payment and satisfaction of plaintiffs' debts as falsely promised to plaintiff. Plaintiffs were ignorant of the falsity of defendants' false representation, false documentation, fraud, and did justifiably rely on the false and fraudulent representations, promises, and documentation made by defendants by sending full payment of MBNA accounts plus additional monies to defendants. MBNA never received plaintiffs' monies and reflect plaintiffs' accounts as charged-off, ie. a loss taken by MBNA designating plaintiffs in the high risk credit category. Defendants' representations, were false in fact, known to be false by the defendants, and with the intent and malicious intent to defraud plaintiffs at the time they were so made.

### **III**

As a direct and proximate cause of defendants' purposeful and malicious fraud and misrepresentations, plaintiffs suffered monetary financial damages, see above Counts.

Wherefore plaintiffs demand judgment in this Court against MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum, individually, jointly, severally, alternatively, for monetary damages, including punitive damages, in the amount of two million one hundred thousand dollars ($2,100,000.00), or such greater amount as may be appropriate, with interest as provided

by law, attorney fees and costs and disbursement of this proceeding, and declaratory relief establishing payment in full to MBNA in October, 2004 and/or to set aside the settlement.

## FIFTH COUNT

### I

Plaintiffs repeat and reallege each and every allegation of the First, Second, Third, and Fourth Counts as if fully set forth herein at length.

### II

Plaintiffs charge defendants MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum, committed Consumer Fraud pursuant to N.J.S.A. 56:8-2. Defendants knowingly, purposefully, and outrageously deceived, defrauded, made false promises, intentionally misrepresented, with the intent plaintiffs rely on same.

### III

As a direct and proximate cause of defendants' violation of N.J.S.A. 56:8-2, plaintiffs suffered monetary loss and damages, see above Counts.

Wherefore plaintiffs demand judgment in this Court against MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum, individually, jointly, severally, alternatively, for damages, for monetary damages, including treble damages, in the amount of one million four hundred thousand dollars ($1,400,000.00), or such greater amount as may be appropriate, with interest as provided by law, attorney fees, and costs and disbursements of this proceeding, and declaratory relief establishing payment in full to MBNA in October, 2004 and/or to set aside settlement.

## SIXTH COUNT

### I

Plaintiffs repeat and reallege each and every allegation of the First, Second, Third, Fourth, Fifth, and Counts as if fully set forth herein at length.

### II

Plaintiffs charge defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum defamed plaintiffs in that they knowingly and recklessly with malice, provided false information regarding both Eleanor and Ralph Schiano to credit reporting agencies, including but not limited to Experian, and Experian reporting to additional companies/corporations, including but not limited to Valley National Bank, CB&T, Capital One Bank, who relied on Experian, and other credit report agencies, in denying credit based on the false information that plaintiffs did not pay their MBNA accounts in full when in fact plaintiffs indeed paid approximately twenty-nine thousand dollars ($29,000.00) to Pressler & Pressler in full payment and satisfaction of their MBNA accounts.

### III

As a direct and proximate cause of defendants' false, reckless and malicious defamation of plaintiffs, without any reasonable grounds, plaintiffs suffered damages to their reputation and severe damage to their credit reputation.

Wherefore plaintiffs demand judgment in this Court against MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum, individually, jointly, severally, alternatively, for monetary damages in

the amount of five hundred thousand dollars ($500,000.00), or such greater amount as may be appropriate, with interest as provided by the law, attorney fees, and costs and disbursements of this proceeding, and declaratory relief establishing payment in full to MBNA in October, 2004 and/or to set aside the settlement.

## SEVENTH COUNT

### I

Plaintiffs repeat and reallege each and every allegation of the First, Second, Third, Fourth, Fifth, Sixth Counts as if fully set forth herein at length.

### II

Plaintiffs charge defendants, MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum, purposefully and egregiously inflicted extreme emotional distress on the plaintiffs.

### III

As a direct and proximate result of defendants' willful and purposeful actions, plaintiffs suffered extreme emotional distress.

Wherefore plaintiffs demand judgment in this Court against MBNA, Wolpoff & Abramson, LLP, Pressler & Pressler, Counsellors at Law, Gerald Felt, Esq., and National Arbitration Forum, individually, jointly, severally, alternatively, for monetary damages in the amount of two hundred thousand dollars ($200,000.00), or such greater amount as may be appropriate, with interest as provided by law, attorney fees, and costs and disbursements of this proceeding and declaratory relief establishing payment in full to MBNA in October, 2004 and/or to set aside the settlement.

# EIGHTH COUNT

## I

Plaintiffs repeat and reallege each and every allegation of the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Counts as if fully set forth herein at length.

## II

Plaintiffs charge, in the alternative, that MBNA did receive plaintiffs' monies in full payment of the accounts, approximately $29,000.00. Despite same, MBNA repeatedly informed plaintiffs and Experian (Credit Reporting Agency) that plaintiffs' accounts had **not been paid.** Plaintiffs and Experian contacted defendant, MBNA, numerous times and demanded that it reinvestigate and correct the account it was reporting on the plaintiffs. Despite the numerous requests from plaintiffs and Experian, MBNA violated and continues to violate the Fair Credit Reporting Act 15 U.S.C. sec. 1681 et seq, in particular sec. 1681s-2-(b) by publishing the erroneous and inaccurate MBNA representations within plaintiffs' credit file with Experian and additional credit reporting agencies; by failing to fully and properly investigate plaintiffs' dispute of the MBNA representations; by failing to review all relevant information regarding same; by failing to correct and report that plaintiffs' accounts had been "paid in full" in October, 2004; and by failing to correctly report results of an accurate investigation to other credit reporting agencies.

## III

As a result of the conduct, action and inaction of MBNA, the plaintiffs suffered damage by loss of credit, and mental and emotional anguish. The conduct and actions of MBNA were malicious, willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of plaintiffs such as to justify an award of punitive damages against MBNA, pursuant to 1681o, in an amount to be determined by the Court.

Wherefore, plaintiffs demand judgment in this Court against defendant, MBNA, for violation of 15 U.S.C. 1681 for monetary damages in accordance with said statute including punitive damages, costs and attorney's fees, and declaratory relief establishing payment in full of plaintiffs' accounts to MBNA in October 2004, and/or to set aside settlement.

## JURY DEMAND

Plaintiffs demand a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Helen E. Cooney Mueller, Esq. as Trial Counsel.

## CERTIFICATION PURSUANT TO FEDERAL RULES

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. There was an arbitration proceeding in the National Arbitration Forum decision rendered in or about June 4, 2004 which is partial subject of the within Complaint for Fraud and violations of federal statutes.

_____
Helen E. Cooney Mueller, Esq.
Attorney for Plaintiffs
s/Helen E. Cooney Mueller (HCM 4226)
helenelmueller@yahoo.com

Dated: May 16, 2005

**CERTIFICATION OF VERIFICATION OF PLEADINGS**

1. I am the attorney for plaintiffs in the above captioned matter.

2. I have drafted the foregoing amended complaint and on my own personal knowledge I know that the facts set forth herein are true to the best of my knowledge and that they incorporated in this certification by reference. The only changes to the complaint are in Count I regarding 15 U.S.C. sec. 1692 with additional sections of said statute added, and an Eight Count is added. These amendments only apply to Defendants, MBNA, Wolpoff & Abramson, Pressler & Pressler, Counsellors at Law, and Gerald Felt, partner Pressler & Pressler who have obtained an extension to file their Answers to the Complaint. The amendments do not apply to defendant, National Arbitration Forum, who has already filed an Answer in this matter.

3. I certify that the above statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

                                                                                                           _____

                                                                           s/Helen E. Cooney Mueller (HCM 4226)

Dated: May 16, 2005                  helenelmueller@yahoo.com

**CERTIFICATION OF SERVICE**

I hereby certify that on May 16, 2005, I forwarded by fax and priority mail a copy of plaintiffs' amended complaint to attorney, Steven P. McCabe, Esq., for defendants, MBNA, Wolpoff & Abramson, Pressler & Pressler, and Gerald Felt, at Pressler & Pressler, 16 Wing Drive, Cedar Knolls, New Jersey 07927, and attorney for defendant, National Arbitration Forum, Arthur Timins, Esq. at Shiriak & Timins, 2 West Northfield Road, Livingston, N.J. 07039.

_____
s/Helen E. Cooney Mueller (HCM 4226)
helenelmueller@yahoo.com

HELEN E. COONEY MUELLER
Attorney at Law
45 Swiss Terrace
Wayne, New Jersey 07470
(973) 633-8021
FAX (973) 633-8021
e-mail: helenelmueller@yahoo.com

May 16, 2005

Clerk, United States District Court
District of New Jersey
Martin Luther King, Jr., Bldg & Courthouse
50 Walnut Street
Room 4015
Newark, New Jersey 07102

Re: Schiano v. MBNA, et al.
   DN: 05-1771 (JLL)

Dear Sir/Madam:

    Enclosed herewith is plaintiffs' Amended Complaint which is being filed prior to responsive pleadings from defendants, MBNA, Pressler & Pressler, Gerald Felt, Esq., and Wolpoff & Abramson. National Arbitration Forum has already filed an Answer and no responsive pleading is required from National Arbitration Forum as the Amended Complaint only applies to MBNA, Pressler & Pressler, Gerald Felt, Esq., and Wolpoff & Abramson.

    Thank you.

Very truly yours,


s/Helen E. Cooney Mueller (HCM 4226)




cc: Eleanor & Ralph Schiano