**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELEANOR AND RALPH SCHIANO as wife and husband, and individually | : | Civil Action No. 05-1771 |
| | : | |
| | | Hon. Jose L. Linares, U.S.D.J. |
| Plaintiff(s), | : | |
| vs. | : | **REPORT AND RECOMMENDATION** |
| MBNA corporation.; WOLPOFF & ABRAMSON, LLP; PRESSLER & PRESSLER, Cousellors at Law; GERALD FELT, Esq. Partner Pressler & Pressler, personally; NATIONAL ARBITRATION FORUM. | : : : : : | |
| Defendant(s). | : | |

## INTRODUCTION

This matter comes before me on the motion of defendant National Arbitration Forum ("NAF") to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule12(b)(6). The motion was referred to me by Judge Linares. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## RELEVANT FACTS

On or about December, 2002, Plaintiff Ralph Schiano ("Schiano") lost his job and became seriously ill. As a result, he could not obtain new employment. Schiano attempted to settle three accounts with MBNA. MBNA agreed to settle the one account that was solely in his name for approximately one-third of the balance owed (30%) but refused to settle the two

accounts in Plaintiff Eleanor Schiano's name, totaling approximately $25,800.00, until she defaulted in making payments. (Am. Compl. Count One ¶ 10). On March 5, 2003, MBNA forwarded a notice of intent to arbitrate. The letter stated that the rules of the NAF would govern the arbitration process. Soon thereafter, Wolpoff & Abramson ( "W&A") commenced debt collection activity as the agent of MBNA. In November, 2003, plaintiffs received notice of arbitration with NAF. Plaintiffs claim that although W&A received a copy of the form that NAF requires according to its own Code of Procedure in order to initiate a claim, plaintiffs did not. (Second br. in Opp'n to Df.'s mot. to dismiss Compl. p. 5).

At the same time, unbeknownst to plaintiffs, the two MBNA accounts in Mrs. Schiano's name had been charged off or sold to W&A in July 2003. (Pls. App. 47-50, Transunion credit report). MBNA no longer had a financial interest in the accounts.

On February 23, 2004, an arbitration hearing on the papers was scheduled. Plaintiffs were given 10 days to submit documents. Plaintiffs allege that discovery was not allowed. (Second Br. in Opp'n to Df.'s mot. to dismiss, p. 7). In April, 2004, plaintiffs received a settlement offer from W&A for $16,000 in satisfaction of the two remaining accounts (First Br. In Opp'n to Df.'s mot. to dismiss, p. 6). In May, 2004, after the settlement offer expired, NAF requested that W&A forward any settlement offers. On or about June 4, 2004, NAF issued awards in favor of MBNA (represented by W&A), and adverse to plaintiffs for the two accounts totaling $35,000: $25,000.00, full amount of the debt, and $10,000.00 in legal fees. (Second Br. In Opp'n to Df.'s mot. to dismiss, p. 9). Plaintiffs assert that implied by NAF's act of awarding legal fees is that NAF knew that plaintiffs' debt was not charged off, but was purchased by W&A.

Extremely disturbed with the award, plaintiffs discharged their attorney.  Plaintiffs contacted MBNA directly.  An MBNA employee informed plaintiffs that the accounts were sold in September, 2003 and that MBNA no longer had plaintiffs' records.  (Pls.['] Certification of telephone conversation).  However, an affidavit dated May 26, 2005 submitted by an MBNA employee, Matthew Eastburn, stated that MBNA has been the custodian of records since the sale of plaintiffs' accounts in July, 2003.

After the commencement of this action in October of 2004, the plaintiffs discovered that Aaron Rose, Vice President/Assistant General Counsel of NAF and Stuart Wolpoff of W&A had conducted an annual seminar in which W&A was identified as  the first Certified Arbitration Manager of NAF.  (Second Br. in opp'n to Df.'s mot. to dismiss, p. 8, September 2002 Seminar flyer, Pls.['] App. 25-32).

Plaintiffs did not avail themselves of the appeal provision of the Federal Arbitration Act, 9 U.S.C. § 12.  After the statutory time limitation of three months to file to vacate the arbitration award lapsed (9 U.S.C. § 12)**,** plaintiffs filed the pending action, charging NAF with violating the Federal Arbitration Act ("FAA") by obtaining arbitration awards procured by collusion, corruption, fraud, and deliberate and purposeful delay, with violating 15 U.S.C. § 1692(e), (the Fair Debt Collection Practices Act ("FDCPA")), with violating plaintiffs' equal protection and due process rights guaranteed under the Fourteenth Amendment, with committing fraud and misrepresentation (that plaintiffs were subject to arbitration, and that arbitration awards were valid judgments), with committing consumer fraud pursuant to N.J.S.A 56:8-2, with defamation, and with intentional infliction of emotional distress.

**DISCUSSION**

I.  STANDARD OF REVIEW

Rule 12(b)(6)

Rule 12(b)(6) allows a party to move for dismissal based upon the pleader's "failure to state a claim upon which relief can be granted."  District courts generally disfavor Rule 12(b)(6) motions because the long-established policy of the federal rules is to decide cases on the merits. Caldwell Trucking PRP Group v. Spaulding Composites, Co., Inc., 890 F. Supp. 1247, 1252 (D.N.J. 1995); Panek v. Bogucz, 718 F. Supp. 1228, 1229 (D.N.J. 1989).

"The issue is not whether Plaintiffs will ultimately prevail but whether the claimants are entitled to offer evidence to support the claims."  Scheur v. Rhodes, 416 U.S. 232, 236 (1974). "All the rules require is a short and plain statement of the claim that gives the defendant fair notice of the Plaintiffs' claim and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court accepts as true all allegations and draws all reasonable inferences in the light most favorable to the Plaintiff.  Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).  Rule 12(b)(6) does not permit "dismissals based on a judge's disbelief of a complaint's factual allegations," Neitzke v. Williams, 490 U.S. 319, 327 (1989), but a court should reject legal conclusions presented in the form of factual allegations.  Bright v. Westmoreland County, 380 F.3d 729, 745 (3d Cir. 2004). Accepting the facts in the pleadings as true and giving these all reasonable inferences, a court must dismiss under Rule 12(b)(6), "[i]f as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations.'" <u>Neitzke</u>, 490 U.S. at 327 (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1957)).

III. ANALYSIS

The sole question before me is whether the FAA authorizes <u>an untimely</u> cause of action to vacate an award with respect to a consummated arbitration proceeding pursuant to an agreement in which the defendant is alleged to have granted the award by collusion, corruption, fraud, deliberate and purposeful delay and evidence of partiality and/or corruption. Despite the lack of binding precedent in the Third Circuit, strong federal policy, as manifested in the FAA and case law, favor final adjudication of differences by a means selected by the parties who agree to arbitration. Thus, NAF's motion to dismiss should be granted.

THE FAA PROVIDES THE EXCLUSIVE REMEDY

9 U.S.C § 2 states that a written provision in any contract evidencing a transaction to settle by arbitration is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The issues raised in the Amended Complaint fall squarely within the scope of Sections 10-12 of the FAA. Plaintiffs did not avail themselves of the review provisions of Section 10 and may not make an impermissible collateral attack on an award by alleging other causes of action. "Where a party files a complaint in federal court seeking damages for an alleged wrongdoing that compromised an arbitration award and caused the party injury, it is no more, in substance, than

an impermissible collateral attack on the award itself." Decker v. Merrill Lynch, 205 F. 3d 906, 910 (6th Cir. 2000).

9 U.S.C § 12 requires that a motion to vacate an award be served upon the other party within three months from the date the award was made. "The three month notice requirement in § 12 for an appeal of the award on §§ 10 or 11 grounds would be meaningless if a party to the arbitration proceedings may assert in a collateral attack claims outside of the statutory time period provided for in § 12." Sanders-Midwest, Inc., v. Midwest Pipe Fabricators, Inc., 857 F.2d 1235, 1238 (8th Cir. 1988). Here, the plaintiffs clearly failed to bring a timely motion to vacate the arbitration award. Thus, this Court cannot provide any relief under the FAA.

Plaintiffs cite to Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145 (1968), in which the Supreme Court set aside an award for the defendant, stating that there was no basis for refusing to follow the broad statutory language of the FAA, 9 U.S.C § 10. 393 U.S. at 148. However, Commonwealth Coatings Corp is silent as to whether or not the motion to vacate was sought in a timely manner as authorized under the FAA. See Decker, 205 F. 3d at 909, holding that "once an arbitration is conducted under a valid arbitration contract, the FAA 'provides the exclusive remedy for challenging acts that taint an arbitration award.'").

ARBITRAL IMMUNITY

"Arbitral immunity is essential to protect the decision-maker from undue influence or intimidation and protect the decision-making process from reprisals by dissatisfied litigants." Corey v. New York Stock Exchange, 691 F.2d 1205, 1211 (6th Cir. 1982); see Burns v. Reed, 500 U.S. 478, 499-500 (1991).

Plaintiffs claim that NAF is not entitled to arbitral immunity because their claim is against the arbitration organization and not the arbitrators individually. However, "quasi judicial immunity expands to protect associations, boards, and other organizations sponsoring or administering arbitrations." Austern v. The Chicago Board Options Exchange, 716 F. Supp. 121, 123 (S.D.N.Y. 1989). "It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association." Corey, 691 F. 2d at 1211; see Hawkins v. National Association of Securities Dealers, Inc. et. al. 149 F.3d 330 (5th Cir.1998).

Even if there was no arbitration agreement, the sponsoring arbitration forum is entitled to arbitral immunity in processing a "facially valid" demand that names it as the arbitral agency. See New England Cleaning Services, Inc., v. American Arbitration Association 199 F. 3d 542, 544 (1st Cir. 1999). The only exception to arbitral immunity is where the papers demanding arbitration are so "deficient on their face as to signal a 'clear absence of jurisdiction.'" 199 F.3d at 546. Here, the demand for arbitration was not obviously facially deficient.

EQUITABLE TOLLING

While courts have recognized equitable tolling under certain circumstances, plaintiffs' claims do not fall within those circumstances. The exceptions include an illegal contract clause or an illegal appointment of an arbitrator. See I.U.B.A.C. Local Union No. 31 v. Anastasi Bros. Corp., 600 F. Supp. 92 (S.D. Fla. 1984) (employers did not waive their claim where the underlying contract clause upon which arbitration was based was illegal); American Guaranty Co. v. Caldwell, 72 F.2d 209, 211 (9th Cir. 1934): plaintiff's claim was not waived inasmuch as arbitrator was illegally and improperly appointed).

## **CONCLUSION**

All of the plaintiffs' claims seek to enforce liabilities or duties created by the FAA and governed exclusively by its provisions. In light of the strong federal policy in favor of enforcing arbitration agreements, courts only have a limited role in reviewing arbitration awards.  <u>Decker</u>, 205 F. 3d at 910.  Since the plaintiffs failed to comply with the statutory precondition by not following the proper procedure for challenging the arbitration award under the FAA, they have forfeited their right to judicial review.  <u>Decker</u>, 205 F. 3d at 911.

Because I have recommended that Plaintiffs' claims are barred by arbitral immunity, there is no need to discuss the merits of the plaintiffs' remaining claims.

For the reasons set forth above, I recommend that NAF's motion to dismiss should be GRANTED.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.


                                                                                    s/ Ronald J. Hedges
                                                                                    United States District Judge