NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR and RALPH SCHIANO, as wife and husband, and individually,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>MBNA, corporation; WOLPOFF & ABRAMSON, LLP; PRESSLER & PRESSLER, Counsellors at Law; GERALD FELT, Esq., partner PRESSLER & PRESSLER; NATIONAL ARBITRATION FORUM,<br><br>　　　　　　　Defendants. | Civil Action No.: 05-CV-1771 (JLL)<br><br><br>**OPINION** |

**APPEARANCES:**

Helen E. Cooney Mueller
45 Swiss Terrace
Wayne, NJ 07470
　　(Attorney for Plaintiffs)

Steven P. McCabe
Pressler & Pressler, Esqs.
16 River Road
Cedar Knolls, NJ 07927-1007
　　(Attorney for Defendants)

**LINARES**, District Judge.

## INTRODUCTION

　　This matter comes before this Court on Plaintiffs' Motion for Clarification of this Court's December 2005 Orders. This Court has considered the submissions in support of and in opposition

to this motion.[1]  This matter is resolved without oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, Plaintiffs' Motion for Clarification is DENIED.

## PROCEDURAL BACKGROUND

A detailed factual background of this case is set forth in Magistrate Judge Hedges' November 16, 2005 and December 9, 2005 Report and Recommendations, as well as in this Court's December 19, 2005 Opinion and Orders, and will not be repeated here, except where necessary to provide context for the pending Motion for Clarification.

On December 19, 2005, this Court issued two Orders (hereinafter "December 2005 Orders").  The first Order adopted Magistrate Judge Hedges' November 16, 2005 Report and Recommendation, dismissing Defendant National Arbitration Forum ("NAF") from the case, and finding that Plaintiffs' claims as against NAF were barred by arbitral immunity.  The second December 19, 2005 Order rejected Magistrate Judge Hedges' December 9, 2005 Report and Recommendation, and found, instead, that the entire matter is subject to arbitration.  Thus, this Court granted Defendants' motion to compel the remaining claims to an arbitrable forum and ordered a stay of this proceeding.

It appears that Plaintiffs subsequently filed a Petition for Writ of Mandamus or, in the alternative, a request for permission to file an Interlocutory Appeal directly to the United States Court of Appeals for the Third Circuit.  Plaintiffs also filed a Motion to Stay the District Court's Order Compelling Arbitration Pending the Petition for Writ of Mandamus and/or an Interlocutory Appeal.  The Third Circuit denied Plaintiffs' motions on February 6, 2006.

---

[1] Plaintiffs' request to submit a reply brief was denied pursuant to this Court's December 8, 2006 Order.

2

Plaintiffs' counsel also indicates that Plaintiffs requested clarification of the Third Circuit's February 6, 2006 Order. This request was apparently denied, as was Plaintiffs' application for en banc rehearing. (Pl. Br. at 4).

Plaintiffs subsequently proceeded to the United States Supreme Court, which denied certiorari on November 6, 2006. On November 21, 2006, the Supreme Court granted Plaintiffs' application to extend the time to file a petition for rehearing from December 1, 2006 to January 30, 2007. Plaintiffs' counsel alleges that the basis for the sixty (60) day extension granted by the Supreme Court was "so that plaintiffs could first move to the district court for clarification of the December 2005 district court orders and for necessary discovery for the clarification of the Orders." (Pl. Br. at 4).

## **STANDARD FOR RECONSIDERATION**

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides, in relevant part:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion. Unless the Court directs otherwise, any party opposing a motion for reconsideration shall file and serve a brief in opposition within seven business days after service of the moving party's Notice of Motion and Brief. . . .

L.Civ.R. 7.1(i). L. Civ. R. 7.1(i). Prior to reaching the merits of a motion for reconsideration, the court must determine whether the arguments are appropriately raised under the Local Rule. Holten v. Chevron, U.S.A., No. 00-4703, 2002 U.S. Dist. LEXIS 10151, *4 (D.N.J. May 20, 2002). "The motion may address only those matters of fact or issues of law which were

presented to, but not considered by, the court in the course of making the decision at issue." Id. (citing Student Pub. Interest Research Group of N.J. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989)).

The purpose of a motion for reargument is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); NL Indus., 935 F. Supp. at 516. Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

With this legal framework in mind, the Court will now consider Plaintiffs' Motion for Clarification of this Court's December 2005 Orders.

## LEGAL DISCUSSION

### A.     *Plaintiffs' 60 Day Extension for Filing Rehearing Petition*

Counsel for Plaintiffs represents that Plaintiffs were granted a sixty (60) day extension for filing a petition for rehearing in the United States Supreme Court so that Plaintiffs could first proceed to the District Court for clarification of its December 2005 Orders. (Pl. Not. of Motion at 2). In support of this statement, Plaintiffs' counsel attaches a docket sheet which indicates that Plaintiffs' petition for certiorari was denied on November 6, 2006, and that Plaintiffs' application

to extend the time to file a petition for rehearing from December 1, 2006 to January 30, 2007 was granted by Justice Souter on November 21, 2006. (Pl. Not. of Motion, Ex. 1). Although Plaintiffs' counsel neglected to attach a copy of the actual November 21, 2006 letter from the Office of the Clerk of the Supreme Court of the United States to Plaintiffs' Motion for Clarification, the Court obtained a copy of same from Plaintiffs' counsel on December 8, 2006.

The Court has reviewed the Supreme Court's November 21, 2006 letter which does *not* provide that the extension of time was granted "so that plaintiffs could first proceed to the district court for clarification of the December 2005 court orders." (Pl. Not. of Motion at 2). Rather, the November 21, 2006 letter is silent as to the basis upon which the extension of time was granted. Nevertheless, the Court trusts that the representations made by Plaintiffs' counsel are accurate. As such, the Court will address the merits of Plaintiffs' request for clarification.

### B.     *Plaintiffs' Motion for Clarification*

At the outset, the Court notes that Plaintiffs failed to cite to any applicable rule governing their request for clarification. To the extent that Plaintiffs now ask for reconsideration of this Court's December 2005 Orders, any such request is clearly untimely and is, therefore, denied. See L. Civ. R. 7.1(i) (stating that a motion for reconsideration shall be served and filed within ten days after the entry of the Court's original order).

As a result, the Court need not reach the merits of any such request for reconsideration. To the extent that the Court should reach the merits of Plaintiffs' request, the Court finds that reconsideration is not warranted in this case, as Plaintiffs have failed to set forth any matters of fact or controlling decisions of law which were presented to, but overlooked, by this Court in reaching its December 2005 decisions. See, e.g., Holten, 2002 U.S. Dist. LEXIS at *4 (stating

that motions for reconsideration "may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue."); Scott v. IBM Corp., No. 98-4092, 2000 U.S. Dist. LEXIS 17979, at *3 (D.N.J. Nov. 29, 2000) (same).

To the extent that Plaintiffs merely ask for clarification of this Court's December 2005 Orders, despite providing no applicable rule governing such request, the Court has reviewed its December 2005 Orders, and finds that its December 19, 2005 Order adopting Magistrate Judge Hedges' November 16, 2005 Report and Recommendation, as well its December 19, 2005 Opinion and Order rejecting Magistrate Judge Hedges' December 9, 2005 Report and Recommendation are sufficiently clear to convey the Court's intent.[2]  Thus, Plaintiffs' Motion for Clarification is hereby **DENIED**.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Clarification is denied.  An appropriate Order accompanies this Opinion.


DATED: December 27, 2006

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that its December 2005 Orders neither confirmed nor vacated the arbitration award, nor did this Court order a "second 'do-over' arbitration," as alleged by Plaintiffs. (Pl. Not. of Motion at 2). Rather, the Court determined that Plaintiffs' claims – which raise post-arbitration issues relevant to the underlying arbitration – were subject to arbitration in light of the arbitration provision contained in the agreement governing the pertinent accounts that Plaintiffs had with MBNA.  Thus, the Court ordered that the proceeding be stayed pursuant to the Federal Arbitration Act, which mandates same.  See 9 U.S.C. §3.