**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**AMENDED LETTER OPINION**[1]

August 22, 2007

**VIA ELECTRONIC FILING**

Helen E. Cooney Mueller, Esq.
45 Swiss Terrance
Wayne, NJ 07470

Steven P. McCabe, Esq.
Pressler & Pressler, Esqs.
16 River Road
Cedar Knolls, NJ 07927

      Re:   **Schiano, et al. v. MBNA, et al.**
              **Civil Action No.: 05-1771 (JLL)**

Dear Counsel:

      This matter comes before the Court by way of Plaintiffs' Amended Motion for "Confirmation/Enforcement of June 2004 Arbitration Awards and for Order as to Unconscionable Fees/Final Order." The Court has considered the parties' submissions. No oral argument was heard. See Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' motion is DENIED.

---

[1] This Amended Letter Opinion has been filed to include two footnotes which clarify this Court's previous holdings in this matter, and in no way affects the analysis or substantive aspects of the original Letter Opinion filed on August 14, 2007.

1

**FACTUAL BACKGROUND**

As the Court writes only for the parties, a familiarity with the underlying facts in this case will be assumed. Plaintiffs concede that at some point between 2002 and 2004, they defaulted on two of their MBNA credit card accounts. In June 2004, MBNA initiated arbitration with respect to Plaintiffs' two outstanding accounts. This arbitration resulted in two separate arbitration awards in favor of MBNA, totaling approximately $35,000.00. Shortly thereafter, Defendant MBNA retained the law firm of Pressler and Pressler to assist in its collection of same. In this regard, MBNA filed suit in Passaic County, New Jersey to collect or otherwise enforce said arbitration awards. On October 12, 2004, the entire matter was settled by the parties, for approximately $30,000.00. It is undisputed that, pursuant to the aforesaid settlement, both outstanding accounts have since been satisfied.

Plaintiffs commenced the instant cause of action in April 2005. The gravamen of Plaintiffs' claims is that despite having paid the $30,000.00 settlement amount – in satisfaction of the June 2004 arbitration awards – that the two MBNA accounts still appear as delinquent on their credit reports. On December 19, 2005, this Court issued two Orders (hereinafter "December 2005 Orders"). The first Order adopted Magistrate Judge Hedges' November 16, 2005 Report and Recommendation, dismissing Defendant National Arbitration Forum ("NAF") from the case, and finding that Plaintiffs' claims as against NAF were barred by arbitral immunity. The second December 19, 2005 Order rejected Magistrate Judge Hedges' December 9, 2005 Report and Recommendation, and found, instead, that the entire matter is subject to arbitration. Thus, this Court granted Defendants' motion to compel the remaining claims to an arbitrable forum and ordered a stay of this proceeding.

Plaintiffs subsequently filed a Petition for Writ of Mandamus or, in the alternative, a request for permission to file an Interlocutory Appeal directly to the United States Court of Appeals for the Third Circuit. Plaintiffs also filed a Motion to Stay the District Court's Order Compelling Arbitration Pending the Petition for Writ of Mandamus and/or an Interlocutory Appeal. The Third Circuit denied Plaintiffs' motions on February 6, 2006. Plaintiffs' counsel also indicates that Plaintiffs requested clarification of the Third Circuit's February 6, 2006 Order. This request was apparently denied, as was Plaintiffs' application for en banc rehearing.

Plaintiffs subsequently proceeded to the United States Supreme Court, which denied certiorari on November 6, 2006. On November 21, 2006, the Supreme Court granted Plaintiffs' application to extend the time to file a petition for rehearing from December 1, 2006 to January 30, 2007. In the interim, Plaintiffs sought clarification of this Court's December 2005 Orders. On December 28, 2006, this Court denied Plaintiffs' motion for clarification. In doing so, the Court explained that it had reviewed its December 2005 Orders, and found that said Orders were sufficiently clear to convey the Court's intent. Plaintiffs subsequently filed a second petition for writ of mandamus before the Third Circuit, which was denied on April 10, 2007.

On June 5, 2007, Plaintiffs filed the instant motion for confirmation and/or enforcement of certain June 2004 arbitration awards, and request for an order finding certain arbitration fees

as unconscionable.

## DISCUSSION

Plaintiffs now ask that this Court (1) enter an order confirming and/or enforcing the June 2004 arbitration awards, (2) enter an order declaring the arbitration fees set forth by the NAF for Plaintiffs' claims of fraud and federal statutes as unconscionable, and (3) in the alternative, enter a final order as to Plaintiffs' claims.

### 1.      Confirmation/Enforcement of June 2004 Arbitration Awards

Notably absent from Plaintiffs' Amended Complaint is a claim seeking confirmation and/or enforcement of the June 2004 arbitration awards. While the Amended Complaint seeks declaratory relief establishing Plaintiffs' payment of the mutually agreed settlement amount, or, in the alternative, requests that such a settlement be set aside, Plaintiffs' current request – for confirmation and/or enforcement of the arbitration awards <u>underlying</u> such a settlement – is something completely different.

In any event, even if the Court were to consider the merits of Plaintiffs' request, the Court notes that the parties are now in agreement as to the following: (1) two arbitration awards were entered against Plaintiffs and in favor of MBNA in 2004, (2) before such awards were confirmed as judgments, a mutual settlement was reached by the parties with respect to same, and (3) Plaintiffs have fulfilled their obligation under the terms of the settlement agreement. In light of the foregoing, Plaintiffs have failed to demonstrate that there is a justiciable controversy which warrants the Court's intervention.[2] Accordingly, Plaintiffs request for confirmation and/or enforcement of the June 2004 arbitration awards – which have admittedly been settled and satisfied – is denied as moot.[3]

---

[2] See, e.g., <u>Lusardi v. Xerox Corp.</u>, 975 F.2d 964, 973-74 (3d Cir. 1992) ("The 'case or controversy' requirement demands that a cause of action before a federal court present a 'justiciable' controversy, and 'no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments.'").

[3] To the extent that the Court should construe Plaintiffs' request as one seeking to vacate the 2004 arbitration awards, any such request would also be denied. By way of Opinion and Order dated December 20, 2005, this Court denied Plaintiffs' request to amend the Complaint to include the word "vacate" which would add a claim for vacating the 2004 arbitration awards. In doing so, the Court explained that "Magistrate Judge Hedges thoroughly considered Plaintiffs' request and determined that the period in which Plaintiffs could have raised any challenges contesting the arbitration award lapsed about nine months prior to Plaintiffs' Complaint being filed. Therefore, Magistrate Judge Hedges' denial of Plaintiffs' motion to amend is affirmed." Plaintiffs did not file a timely motion for reconsideration of same.

### 2.     Arbitration Fees

Plaintiffs also make the cursory argument that "[a]s to plaintiffs' claims of fraud, violation of federal statute, inter alia, plaintiffs do not have the ability to pay the fees set forth by the National Arbitration Forum. Further, pursuant to the FAA, 9 U.S.C. sec. 1, et seq, and established U.S. Supreme Court law . . . these fees are considered unconscionable." However, by way of letter dated July 27, 2007, counsel for Defendant MBNA, Steven McCable, reported that his client had paid the requisite $5,000.00 "filing fee" to the NAF. See CM/ECF Docket Entry No. 70. Thus, to the extent that Plaintiffs ask the Court to declare such fees – which have now been paid by the Defendant– as unconscionable, any such request is also denied as moot.[4]

### 3.     Request for Final Order

Finally, Plaintiffs request that "[i]f this Court will not issue an Order declaring the NAF arbitration fees unconscionable then it is respectfully requested that this Court issue a final order as to Plaintiffs' claims of fraud, violation of federal statute, inter alia." Plaintiffs have given the Court no legal basis on which to issue a final order in connection with the above matter.[5] As a result, Plaintiffs' request is denied, and this matter remains stayed pending arbitration pursuant to 9 U.S.C. § 3.[6]

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for "Confirmation/Enforcement of June 2004 Arbitration Awards and for Order as to Unconscionable Fees/Final Order" is DENIED. While the Court surely understands Plaintiffs' frustration in attempting to sort out the alleged inaccuracies in their credit reports, it is not the role of the Court to assist Plaintiffs, step by step, in navigating this process. This Court has found that <u>all</u> claims remaining in this case are subject to arbitration.[7] That Plaintiffs may face certain administrative obstacles in their efforts to seek

---

[4] See, e.g., Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 699 (3d Cir. 1996) (limiting a court's power to issue a declaratory judgment to situations where the parties' "demonstrate some injury, or threat thereof, 'of sufficient immediacy and ripeness to warrant judicial intervention.'").

[5] To the extent that Plaintiffs seek a final order for purposes of appealing this Court's December 2005 Orders, Plaintiffs are free to pursue any methods provided by the applicable rules.

[6] See CM/ECF Docket Entry No. 44 at 12.

[7] In particular, in its December 20, 2005 Opinion and corresponding Order, this Court held that Plaintiffs' claims are arbitrable; therefore, "the FAA mandates that the Court stay this proceeding and compel Plaintiffs' remaining claims to an arbitrable forum." See CM/ECF Docket Entry No. 44 at 12. Plaintiffs did not file a timely motion for reconsideration of same.

arbitration of same, does not automatically warrant this Court's intervention.

      Thus, given the circumstances presented herein, Plaintiffs' motion is denied in its entirety. An appropriate Order accompanies this Letter Opinion.

                                                  /s/ Jose L. Linares
                                                  JOSE L. LINARES,
                                                  UNITED STATES DISTRICT JUDGE