NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR AND RALPH SCHIANO,<br><br>    Plaintiffs,<br><br>v.<br><br>MBNA et al.,<br><br>    Defendants. | Civil Action No.: 05-1771 (JLL)<br><br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Claire C. Cecchi's April 14, 2009 Order terminating various motions. This appeal is resolved without oral argument. Fed. R. Civ. P. 78. This Court has considered the parties' submissions, and for the reasons stated herein, Magistrate Judge Cecchi's order is affirmed.

**I.    BACKGROUND**

A detailed factual background of this case is set forth in the numerous prior rulings of this Court. Therefore, they will not be repeated here except to the extent necessary for the present appeal. Between November 19, 2008 and March 25, 2009, fifteen (15) motions or requests for relief were filed. The motions or requests for relief filed by Plaintiffs were:

| Date | Motion Title | CM/ECF Doc. No |
|---|---|---|
| 11/19/2009 | Motion to Set Aside | 148 |

| 1/8/2009 | Application for Emergent Relief[1] | 170 |
|---|---|---|
| 2/12/2009 | Motion for Extension of Time to Amend | 180 |
| 2/27/2009 | Motion to Amend/Correct Second Amended Complaint | 193 |
| 3/19/2009 | Order to Show Cause[2] | 199 |
| 3/20/2009 | Request to Bring a Motion to Compel and Sanctions | 200 |
| 3/24/2009 | Cross-Motion to Modify Subpoena | 205 |
| 3/25/2009 | Cross-Motion to Enforce | 208 |
| 4/1/2009 | Application to submit Reply Letter Brief as a Cross Motion to Enforce | 216 |

The motions or requests for relief filed by Defendants or nonparties were:

| Date | Motion Title | CM/ECF Doc. No |
|---|---|---|
| 1/20/2009 | Wolpoff & Abramson's Motion to Dismiss Citigroup & Argent's Cross Claims | 172 |
| 2/13/2009 | Citigroup's Motion for Protective Order to Strike Plaintiffs' Interrogatories, Request for Admissions and Request for Production of Documents | 184 |
| 2/20/2009 | Pressler & Pressler's Motion for a Protective Order | 190 |
| 3/23/2009 | Nonparty ACC's Motion to Quash Plaintiffs' Subpoena | 201 |

---

[1] Application not filed in accordance with Fed. R. Civ. P 65 or Loc. Civ. R. 65.1 for motions seeking emergent relief.

[2] Order to Show Cause not filed in accordance with Fed. R. Civ. P 65 or Loc. Civ. R. 65.1 for motions seeking emergent relief.

| 3/24/2009 | Nonparty Park Place Securities' Motion to Quash Plaintiffs' Subpoena | 202 |
|---|---|---|
| 3/24/2009 | Nonparty Wells Fargo's Motion to Quash Plaintiffs' Subpoena | 206 |

Most of these involved various discovery requests and, in many cases, the same relief was requested in multiple submissions. For example, Plaintiffs' purported "Motion to Set Aside" sought not only to Set Aside this Court's December 2005 Order compelling arbitration (approximately 1.5 pages of argument in a 39 page brief), but also sought to amend their Second Amended Complaint (also requested in CM/ECF No. 193), to assess sanctions against Defendants, to compel certain defendants to pay mediation fees, to compel certain defendants "to immediately identify who owns plaintiffs' October 2004 mortgage" (a request repeated in almost every submission to this Court), to compel "defendant Bank of America Corporation to immediately reflect payment in full by plaintiffs in October 2004 for accounts ending in 0820 and 7451 (also requested in CM/ECF No. 170)," an order for "immediate sanctions and damages versus defendant Bank of America for deletion, without authorization and without correction, of ficticious account numbers ending in 2141 and 1924 in the year 2007," a subpoena "to the Securites & Exchange Comission (SEC) requesting that the SEC immediately identify the status of trust 'Park Place Securities,' and immediately provide information/documentation as to whether plaintiffs' October 2004 mortgage was ever placed in any trust Series of Park Place Securities Trust," to compel "defendants, Bank of America Corporation, Argent Mortgage Company, Citigroup, and Barclays/Homeq, to immediately produce all actual mortgage assignments documentation regarding plaintiffs' October 2004 mortgage" (a request made in most submissions to this Court), and a subpoena "to the three credit reporting agencies, Experian,

Equifax and Trans Union, requesting all plaintiffs' records regarding their three MBNA/BOA accounts, including fictitous and actual account numbers" (also requested in CM/ECF No. 170).

On April 7, 2009 Magistrate Judge Cecchi held a conference in this matter. On April 14, 2009 she issued an Order terminating all of the motions with the exception of Wolpoff & Abramson's Motion to Dismiss Citigroup & Argent's Cross Claims. The Order states that motions CM/ECF Nos. 170, 180, 184, 190, 199, 200, 201, 202, 205, 206, and 208 were "addressed and resolved at the April 7th Conference." She further terminated Plaintiffs' Motion to Set Aside (CM/ECF No. 148) with leave to re-file, omitting "any references to the discovery applications addressed by the Court at the April 7th Conference." She terminated Plaintiffs' Motion to Amend (CM/ECF No. 193) "with leave to re-file after the Plaintiffs' are provided with the discovery Defendants agreed to produce at the April 7th Conference." Again, any newly filed motion to amend was to "not include any references to the discovery applications addressed by the Court at the April 7th Conference. Finally, Magistrate Judge Cecchi ordered that "[a]ny discovery disputes shall be brought before the Court by way of informal letter application, not to exceed five (5) pages in length," requiring permission before future motions are filed.

Between April 14, the date of the Order, and April 28, 2009, Plaintiffs filed seven (7) letters on the docket. In addition the Court is also in receipt of a twelve page letter from Plaintiffs dated April 17 which does not appear on the docket. This letter and Plaintiffs' April 28 letter (an eight page letter plus eighty-one pages of exhibits) exceed the five page limit imposed by Magistrate Judge Cecchi. Plaintiffs filed the present appeal on April 21, 2009.

II.     LEGAL STANDARD

A magistrate judge may consider and decide non-dispositive pretrial matters pursuant to

28 U.S.C. § 636(b)(1)(A). A magistrate judge's decisions regarding discovery and case management are non-dispositive matter under this section. See § 636(b)(1)(A) (listing the dispositive excepted motions). If such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)) (alteration in original). "A ruling is 'contrary to law' if the magistrate judge has misinterpreted or misapplied applicable law." Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000). Thus, even where the district court might have decided the matter differently, it will not reverse a magistrate judge's determination so long as this standard is met. See Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000).

### III. DISCUSSION

Subsequent to the April 7, 2009 conference Plaintiffs and Defendants each submitted proposed orders to memorialize Magistrate Judge Cecchi's rulings made at the conference. Both sides agree that Magistrate Judge Cecchi ordered additional discovery production; they appear to disagree on exactly what was ordered. In the appeal briefing as well as in some of the recent letters submitted by Plaintiffs they argue that since the parties have submitted differing proposed orders, "it is clear that there was no discovery resolution at the April 7, 2009 status conference, and[, therefore,] the Magistrate Judge's April 14, 2009 Court Order was premature and in error,

and must be reversed/set aside." (Pltfs.' Appeal at 17.)  Plaintiffs appear to have an erroneous view of the role of counsel and the Court (discussed more fully later).  Magistrate Judge Cecchi held a conference and then issued an Order terminating discovery motions based on the resolution of those matters.  Parties may submit proposed orders and those proposals may differ, but it is the Court that will determine if a proposed order accurately reflects its rulings and direction–differing proposed orders does not "unresolve" what happened at the conference.  Thus, the only question present here is whether it was clear error for Magistrate Judge Cecchi to terminate discovery motions that she had determined were resolved at the conference by requiring additional documents or certifications to be produced.  This Court finds that it was not.  First, management of the discovery process by a magistrate is entitled to great deference.  See Kresefky v. Panasonic Communications & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996).  Second, Magistrate Judge Cecchi was faced with an excessive amount of duplicate requests and filings, it is reasonable for her to try to clean up the docket so that the case could more effectively and efficiently move forward. Also, the parties were permitted to submit additional discovery requests, which they have done.

  With respect to termination of Plaintiffs' motion to vacate and motion to amend the complaint, both were terminated with leave to re-file appropriate motions limited to vacating the order and amending the complaint and removing all discovery requests and issues.  This Order merely reflects case and briefing management and is clearly not in error.

  The real issue here appears to be that Plaintiffs' counsel does not fully understand the purpose and scope of discovery and the role of the Court versus counsel.  It appears that in Plaintiffs' view there will be no discovery resolution until they are satisfied not only that

documents are produced, but that the documents produced are what they want to see. Discovery is the *production* of documents, not the testing or challenging of information contained in those documents for accuracy or legality, that is the purpose of a trial. For example, in paragraph 8 of Plaintiffs' April 28 discovery related letter they state:

> Barclays/Homeq's 2009 mortgage assignments are in violation of the Internal Revenue Service (IRS) as the tax status of PPSI 2004 WHQ2, a Real Estate Mortgage Investment Conduit (REMIC) is now in question. Pursuant to the Security & Exchange Commission (SEC) documents, Exhibit 4, trust series PPSI 2004 WHQ2 was closed in the year 2004. Thus, no further mortgages could be placed in that trust series following the closure of the series in the year 2004. Certainly, a mortgage could not be assigned to the PPSI 2004 WHQ2 trust series in the year 2009. IRS regulations, 26 C.F.R. 860A through 860G, state: "Among the requirements for qualification are that the mortgage loans held by the REMIC must consist of 'qualified mortgages' that are principally secured by an interest in real property. All loans must be acquired on the startup date of the REMIC or within three months thereafter, except that the REMIC may exchange a defective loan for a 'qualified replacement mortgage' for up two years." Any assignment for substitute mortgage in the two-year period must be accompanied by legal opinion. Barclays/Homeq's 2009 mortgage assignments are well beyond the limitations for mortgage additions to any qualified REMIC and, therefore, violate IRS regulations and SEC documents.

In the same letter Plaintiffs also state that they

> are also in receipt of March 31, 2009 and April 17, 2009 mortgage assignments, Exhibit 1, that purport to assign plaintiffs' October 2004 mortgage from defendant Argent Mortgage Company to Ameriquest Mortgage Company and Ameriquest Mortgage Company to Wells Fargo Bank, N.A. as Trustee for Park Place Securities, Inc. Asset Backed Pass Through Certificates, Series 2004-WHQ2. These purported assignments are not valid, unacceptable for mortgage refinancing, and cannot be accepted by a Title Company for mortgage refinancing. The assignments do not provide a legal chain of title from the October 2004 mortgage and do not identify plaintiffs' current lender (Argent Mortgage Company was dissolved in the year 2007). Further, based on those assignments, it appears that plaintiffs' October 2004 mortgage has been falsely placed in default as assignment to a Trustee, on behalf of certificate holders, which is effectuated upon default and pending foreclosure.

These are substantive arguments about the legality of Defendants' actions, a matter appropriately addressed in a post-discovery dispositive motion or at trial.

With respect to the role of counsel and the Court. In the April 28 letter, counsel states that "Plaintiffs are in receipt of letters and affidavits from defendants Wolpoff & Abramson and Pressler & Pressler," and that they "accept the affidavit from Wolpoff & Abramson, and will dismiss [certain] allegations." In other paragraphs of the letter, they reject other items produced for various reasons. The Court, not counsel, determines whether parties have adequately complied with discovery requests. In Plaintiffs' April 21, 2009 letter to the Court, they state that

> defendant Bank of America Corporation, counsel must submit a certification that Bank of America Corporation, and subsidiaries, including Banc of America Securities and Asset Backed Funding Corporation, have no knowledge of any mortgage/mortgage loan regarding plaintiffs' property/mortgage/mortgage loans."

The Court, not counsel, determines what must be produced; counsel's role is to make a discovery request.

Finally, counsel must give the Court time to act. Excessive, duplicative filings makes this task more onerous on the Court; filing the same request or statement ten times instead of waiting for the Court to respond is inappropriate, unacceptable, and causes unnecessary delay because of the additional time required to sift through all of the filings.

On August 1, 2007, this Court issued an Order that stated that "the Court does not condone the filing of repetitive, argumentative and unsolicited letters." The Order further required all parties "to seek leave of the Court before filing any further unsolicited communications with the Court." Thus, excessive, repetitive, inappropriate filings have been an ongoing issue in this matter. Therefore, the parties are on notice that sanctions may be imposed for any future filing that is repetitive (in whole or part) of a previous filing, contains argument

unrelated or unnecessary for the submission (e.g., arguments going to the merits of the case in a discovery request), or exceeds any parameters set by this Court (e.g., exceeding a page limit without prior authorization).

Finally, this Court requests that Magistrate Judge Cecchi issue an Order within the next thirty days that (1) identifies the discovery production ordered at the April 7th conference, (2) determines whether such production has occurred, and (3) sets a date by which all additional discovery requests are to made and the parameters for such requests. Until Magistrate Judge Cecchi issues this Order, there are to be <u>NO</u> other filings in this matter without prior permission of this Court. Any such request should be made by letter and should not exceed two (2) pages.

## IV.   CONCLUSION

For the reasons set forth above, Magistrate Judge Cecchi's April 14, 2009 Order terminating various motions is hereby affirmed. An appropriate Order accompanies this Opinion.

 /s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE