NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR AND RALPH SCHIANO, <br><br> Plaintiffs, <br><br> v. <br><br> MBNA, et al., <br><br> Defendants. | Civil Action No. 05-1771 (JLL) <br><br> **OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiffs' appeal of (1) Magistrate Judge Michael A. Hammer's Opinion and Order of February 11, 2013 (the "February 11 Opinion and Order") granting in part and denying in part Plaintiffs' motion for leave to file a Third Amended Complaint and (2) Judge Hammer's Order of April 12, 2013 denying Plaintiffs' motion for reconsideration of the February 11 Opinion and Order. The Court has considered the submissions made in support of and in opposition to Plaintiffs' appeal, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the February 11 Opinion and Order and the Order of April 12, 2013 are AFFIRMED.

I. **BACKGROUND**

In his Opinion dated February 11, 2013, Judge Hammer set forth in painstaking detail the factual and procedural history of this case. This Court has also set forth the facts of this case in numerous opinions over the course of the eight years that this matter has been pending.

1

Therefore, only that background which is necessary to provide proper context for the pending appeal is provided below.

Plaintiffs filed a Second Amended Complaint on April 15, 2008. Nearly four years later—on March 6, 2012—Plaintiffs moved to amend the Second Amended Complaint. (*See* CM/ECF No. 311, 314.) In an Order dated August 14, 2012, Judge Hammer denied this motion without prejudice upon concluding that Plaintiffs' proposed Third Amended Complaint failed to comply with the basic notice pleading requirements of Federal Rule of Civil Procedure 8(a). (CM/ECF No. 341.) Specifically, Judge Hammer concluded that Plaintiffs' proposed Third Amended Complaint (1) was "replete with legal conclusions and argument as well as confusing descriptions that have questionable relevance to the claims asserted or sought to be asserted therein;" (2) failed "to clearly designate which new claims are alleged against which specific party or parties;" and (3) failed "to properly or specifically identify the parties that [P]laintiffs seek to add to this action, or which claims are asserted against those new parties." (*See generally* CM/ECF No. 341.)

In granting Plaintiffs leave to cure the deficiencies in their proposed Third Amended Complaint, Judge Hammer specifically admonished Plaintiffs to "clearly identify which claims are asserted against each defendant, and the basis of each such claim." (CM/ECF No. 341 at 5.) Judge Hammer also instructed Plaintiffs to include a chart in any brief in support of a renewed motion to amend that would identify, "for each count of the proposed Third Amended Complaint: (1) the cause of action alleged and, for each statutory cause of action, the specific statute(s) allegedly violated; (2) every defendant that is named in the particular count, with a citation to the corresponding factual allegations against each defendant for that count; (3) a concise statement of facts showing that [P]laintiffs are entitled to relief from each proposed new

defendant, with a citation to the corresponding allegations against the defendant in the Third Amended Complaint; (4) the relief sought; and (5) the specific legal grounds or authority for that relief, for each statutory cause of action, [and] the specific statute(s) on which [P]laintiffs rely." (CM/ECF No. 341 at 5-6.)

On September 19, 2012, Plaintiffs filed a renewed motion for leave to file a Third Amended Complaint. On February 11, 2013, Judge Hammer issued an Opinion and Order granting Plaintiffs' motion insofar as it sought to withdraw claims for Fourteenth Amendment, RICO, and Conspiracy violations. (CM/ECF No. 366.) Nevertheless, Judge Hammer denied Plaintiffs motion to the extent that it sought to add new factual allegations, parties and claims. (*Id.*) In his Opinion, Judge Hammer observed that in spite of his prior admonitions, Plaintiffs' proposed Third Amended Complaint: (1) "presents more than 100 paragraphs alleging various facts in no logical order, and often seemingly untethered to any cause of action;" (2) "continues to intertwine legal arguments and irrelevant facts with allegations apparently meant to give rise to Plaintiffs' new claims;" (3) includes "defendants that have been dismissed from the action;" (4) "lacks organization and presents new facts in no logical manner;" and (5) "mixes factual assertions with legal conclusions, repetitive statements, and references to seemingly irrelevant matters." (CM/ECF No. 365 at 15-16, internal citations omitted).

In his Opinion, Judge Hammer further observed that Plaintiffs' proposed Third Amended Complaint "only exacerbate[d] the Court's earlier frustrations." (CM/ECF No. 365 at 20.) Specifically, Judge Hammer noted that "the Court cannot clearly identify precisely what factual allegations are pertinent to what causes of action, and what factual support there is to assert causes of action against the proposed new defendants." (*Id.* at 20.) Consequently, Judge Hammer concluded that Plaintiffs' proposed Third Amended Complaint "is so excessively

voluminous and unfocused as to be unintelligible," and thus fails to comply with Federal Rule of Civil Procedure 8 which requires (1) that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and (2) that "[e]ach allegation must be simple, concise, and direct." (CM/ECF No. 365 at 21.) Because Plaintiffs failed to cure the deficiencies that Judge Hammer specifically identified in his Opinion and Order of August 14, 2012, Judge Hammer concluded that no further leave to amend would be granted. (*See* CM/ECF No. 365 at 22.)[1]

On February 22, 2013, Plaintiffs moved for reconsideration of Judge Hammer's Opinion and Order of February 11, 2013. (CM/ECF No. 373.) Judge Hammer denied this motion on April 12, 2013. (CM/ECF No. 387.) Subsequently, Plaintiffs filed the instant appeal on April 25, 2013.

## II. LEGAL STANDARD

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A).[2] Under Local Civil Rule 72.1(c)(1)(A), a party may appeal a magistrate judge's non-dispositive order by serving on all parties "a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto." "A judge shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); Fed. R. Civ. P. 72(a). The appealing party bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law. *Control*

---

[1] Judge Hammer also provided a thorough analysis as to why allowing Plaintiffs to further amend their new allegations would be futile. (*See* CM/ECF No. 365 at 24-54.)

[2] A motion for leave to amend – the type of motion at issue in this appeal – is a non-dispositive motion. *See, e.g., Ford Motor Co. v. Edgewood Properties, Inc.*, No. 06-1278, 2011 U.S. Dist. LEXIS 45368, 2011 WL 1599609, at *2 n.2 (D.N.J. Apr. 27, 2011).

*Screening, LLC v. Integrated Trade Sys.*, No. 10-499, 2011 U.S. Dist. LEXIS 85202, at *16 (citation omitted).

"A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002) (citation and internal quotation marks omitted). The district court will not reverse the magistrate judge's factual determinations, even in circumstances in which the "court might have decided the matter differently." *See Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 U.S. Dist. LEXIS 14585, at *9 (D.N.J. July 30, 2002). A ruling is "contrary to law if the Magistrate Judge [has] misinterpreted or misapplied applicable law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only if the magistrate judge has abused that discretion. *See, e.g., Kresefsky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion); *see also Carey v. Foster Wheeler Corp.*, No. 89-325, 1991 U.S. Dist. LEXIS 1104, 1991 WL 10033, at *3 (D.N.J. Jan. 23, 1991) ("When a magistrate's order concerns a nondispositive [sic] issue, it is entitled to a great deal of deference and will be reversed only if it is found to be an abuse of discretion."). However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed *de novo*. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

**III. DISCUSSION**

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15. Rule 15 provides that "[a] party may amend its pleading once as a matter of course within 21 days" of serving it. Fed. R. Civ. P. 15(a)(1)(A). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

It is well settled that courts have wide discretion in deciding whether to grant leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court"); *see also Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007) ("The decision to grant a motion for leave to amend is within the sound discretion of the District Court."). The Supreme Court has observed that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be freely given." *Foman*, 371 U.S. at 182.

In their appeal, Plaintiffs fail to explain in a cogent and intelligible manner why the February 11 Opinion and Order and the Order of April 12, 2013 are either clearly erroneous or contrary to law. Additionally, Plaintiffs have not identified <u>with specific particularity</u> the portions of Judge Hammer's opinions and orders which they find objectionable, as required under Local Civil Rule 72.1(c)(1)(A). *See* L. Civ. R. 72.1(c), cmt. c ("To assist the District Judge in focusing only on those matters actually in dispute, the appealing party must <u>state with particularity</u> just what it is that the Magistrate Judge did to which objection is made and on what grounds the objection is taken.") (emphasis added).

Although Plaintiffs conclusorily assert that their proposed Third Amended Complaint complies with Federal Rule of Civil Procedure 8 and that their proposed amendments would not be futile, they have failed to set forth any discernible argument as to why Judge Hammer's conclusions to the contrary are wrong. Having thoroughly reviewed Plaintiffs' proposed Third Amended Complaint, this Court finds it impossible to identify what facts are pertinent to what causes of action. Simply put, as Judge Hammer suggested in his February 11 Opinion and Order, many of the allegations in Plaintiffs' proposed Third Amended Complaint are incoherent, unintelligible, and make absolutely no sense. (*See, e.g.,* CM/ECF No. 365 at 20.) Neither the Court nor Defendants should have to piece together Plaintiffs' unintelligible allegations like a jigsaw puzzle to make sense of the proposed Third Amended Complaint, particularly in light of the fact that Plaintiffs are represented by experienced counsel. Thus, this Court concurs with Judge Hammer's conclusion that the proposed Third Amended Complaint fails to comply with the basic notice pleading standards of Rule 8.

Moreover, this Court declines to disturb Judge Hammer's conclusion that Plaintiffs' proposed amendments are futile. In his February 11 Opinion and Order, Judge Hammer devoted approximately 30 pages to explaining in a most thorough fashion why Plaintiffs' proposed amendments are either frivolous or advance claims or defenses that are legally insufficient on their face. (*See* CM/ECF No. 365 at 24-54.); *see also Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue."). Plaintiffs have failed to advance any intelligible argument as to why Judge Hammer's reasoning is flawed.

In light of the fact that Judge Hammer granted Plaintiffs ample opportunity to cure the deficiencies in their proposed Third Amended Complaint, and in light of the extensive reasons for denying leave to amend that are set forth both in the February 11 Opinion and Order and in the April 12, 2013 Order, this Court is not convinced that Judge Hammer abused his discretion in declining to grant Plaintiffs further leave to file a Third Amended Complaint. Accordingly, for the foregoing reasons,

IT IS on this 3 day of June, 2013,

**ORDERED** that Judge Hammer's February 11 Opinion and Order and April 12, 2013 Order are **AFFIRMED**.

**IT IS SO ORDERED.**

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE