<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR AND RALPH SCHIANO,<br><br>Plaintiff,<br><br>v.<br><br>MBNA, et al.,<br><br>Defendants. | Civil Action No. 05-1771 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendants Bank of America Corporation, Bank of America Securities, LLC, and MBNA Corporation ("MBNA" or "Defendants")'s motion to dismiss all claims pertaining to Plaintiffs' credit card accounts in Plaintiffs' Eleanor and Ralph Schiano ("Plaintiffs")'s Revised Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket #453.) This Court has considered the submissions made in support of and in opposition to Defendants' motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss all claims pertaining to Plaintiffs' credit card accounts is granted. Counts One, Two, Three, Four, Five, and Six are dismissed *with* prejudice. Counts Seven and Eleven are dismissed with prejudice as to MBNA to the extent that they allege claims relating to Plaintiffs' credit card accounts.

I. **BACKGROUND**

In an Opinion dated February 11, 2013, Magistrate Judge Michael A. Hammer set forth in detail the factual and procedural history of this case. Because this matter has been pending for

1

over nine years, the background is extensive. As the Court writes only for the parties, it will set forth only those facts it deems relevant to deciding MBNA's motion.

Plaintiffs filed a Second Amended Complaint on April 15, 2008. (Docket #84.) Nearly four years later, on March 6, 2012, Plaintiffs filed a motion to amend that Second Amended Complaint along with a Proposed Third Amended Complaint ("PTAC") in support of their motion. (Docket #311, 314.) In an order denying that motion without prejudice, Judge Hammer explained that "the proposed Third Amended Complaint is replete with legal conclusions and argument as well as confusing factual descriptions that have questionable relevance to the claims asserted or sought to be asserted therein." (Docket #341 at 1.)

On September 19, 2012, Plaintiffs filed a renewed motion for leave to file a Third Amended Complaint. (Docket #349.) On February 11, 2013, Judge Hammer wrote a lengthy opinion, granting Plaintiffs' motion in part and denying it in part. (Docket #365.) The Judge allowed Plaintiffs to withdraw their claims for violations of the Fourteenth Amendment, RICO and Conspiracy. However, he denied Plaintiffs' motion to add new claims and parties. (Docket #365.) In this opinion, Judge Hammer detailed the deficiencies in Plaintiffs' PTAC. (Docket #365.) He again explained that "the proposed complaint mixes factual assertions with legal conclusions, repetitive statements, and references to seemingly irrelevant matters. A proper complaint should contain none of these things." (Docket #365 at 15-16.) Still, Judge Hammer allowed Plaintiffs to file a Third Amended Complaint that was in compliance with his opinion. This meant that the new complaint could not: (1) assert the new claims or new parties contained in the PTAC that were rejected by the Court, (2) include the withdrawn claims mentioned above, or (3) rely on "legal conclusions, repetitive statements, and references to seemingly irrelevant matters."

Plaintiffs appealed Judge Hammer's February 2013 opinion, which this Court affirmed, explaining: "Neither the Court nor Defendants should have to piece together Plaintiffs' unintelligible allegations like a jigsaw puzzle to make sense of the proposed Third Amended Complaint, particularly in light of the fact that Plaintiffs are represented by experienced counsel." (Docket #404 at 7.) Plaintiffs then filed a Third Amended Complaint, which was again rife with conclusory statements. (Docket #405.) Judge Hammer dismissed that complaint without prejudice, pointing out that it was not in compliance with his February 2013 opinion. (Docket #409 at 1.) Plaintiffs then filed a Revised Third Amended Complaint ("RTAC"), which is almost identical to the version of the Third Amended Complaint that Judge Hammer dismissed for failing to comply with his February 2013 opinion. (Docket #412.)

Plaintiffs' RTAC contains eleven counts. (Docket #412.) For purposes of the motion pending before the Court, only Counts One through Six, Seven, and Eleven are relevant. Counts One through Six relate to Plaintiffs' credit card accounts and are alleged only against MBNA[1]. (Docket #412.) Counts Seven and Eleven relate to Plaintiffs' credit card accounts and their mortgage and are alleged against multiple defendants[2]. (Docket #412.)

Defendants filed a motion to dismiss all claims pertaining to Plaintiffs' credit card accounts in Plaintiffs' RTAC. (Docket #453.) The Court construes Defendants' motion as one to

---

[1] Count One alleges a violation of the FAA; Count Two alleges common law fraud; Count Three asserts a claim of consumer fraud; Count Four alleges defamation; Count Five is a claim of emotional distress; and, Count Six alleges a violation of the Fair Credit Reporting Act. These are only alleged against MBNA.

[2] Count Seven asserts claims of "mortgage fraud/fraud/fraudulent inducement/fraudulent conveyance" against "MBNA Corporation; and Bank of America Corporation, and also d/b/a Banc of America Securities, LLC, and also as successor in interest to MBNA Corporation; and Citigroup, Inc., successor in interest to wholesale mortgage lending of ACC Capital Holding Corporation, parent corporation of Ameriquest Mortgage Company and Argent Mortgage Company, LLC; and Barclays Bank PLC, d/b/a Homeq Servicing Corporation; and Argent Mortgage Company, LLC; and John Does, I,II, III." (Docket #412.) This Count appears to allege fraud regarding Plaintiffs' mortgage and credit card accounts. Count Eleven is a breach of contract claim against these same defendants. It alleges that MBNA breached the credit card agreement entered into with Plaintiffs. It also claims that "[a]ll defendants including defendant Barclays/Homeq" breached Plaintiffs' mortgage servicing contract. (Docket #412.)

3

dismiss Counts One through Six, Seven and Eleven, to the extent that they allege claims against MBNA relating to Plaintiffs' credit card accounts.

II.  **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a) (2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twomblv.* 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir. 1994).

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud, independent of the standard applicable to a Rule 12(b)(6) motion. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ .P. 9(b). This heightened pleading requirement is designed "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Thus, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story" whenever alleging a claim of fraud. *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999). The Third Circuit has further noted that "[a]lthough Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 576 (D.N.J. 2001)). Where there are multiple defendants, plaintiffs must plead predicate acts of fraud with particularity as to each defendant. *See, e.g., Seville*, 742 F.2d at 791.

Finally, leave to amend should be granted unless there is undue delay or prejudice, bad faith, dilatory motive, repeated failure to cure deficiencies through previous amendments or futility. *Bivings v. Wakefield*, 316 F. App'x 177, 180 (3d Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent these factors, leave should be "freely given." *Id.*

### III. **DISCUSSION**

Though this matter has been litigated for over nine years, Plaintiffs' Revised Third Amended Complaint fails to comply with the basic pleading requirements of Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure and the pleading standards the Supreme Court set forth in *Twombly* and *Iqbal*. Not only has this Court given Plaintiffs multiple opportunities to file a well-pleaded complaint, it has also given them significant guidance on how to go about filing a complaint that is comprehensible.

It is clear to this Court that Plaintiffs are either unable or unwilling to make cogent and intelligible factual allegations raising their right to relief above the speculative level. As such, it would be futile to grant them leave to further amend the RTAC. Accordingly, Defendants' motion to dismiss all claims pertaining to Plaintiffs' credit card accounts is granted and Counts One, Two, Three, Four, Five, and Six of Plaintiff's RTAC are dismissed with prejudice as to MBNA. Counts Seven and Eleven are dismissed with prejudice as to MBNA to the extent that they allege claims relating to Plaintiffs' credit card accounts.

A. <u>Plaintiffs Fail to State a Claim for Violation of the Federal Arbitration Act ("FAA")</u>

A motion to vacate, modify, or correct an arbitration award must be filed within three months of the award being delivered. 9 U.S.C. § 12. This Court has held that it will not review arbitration awards if a party fails to challenge the award within ninety days. *See Jones v. Intarome Fragrance Corp.*, No. 04-5625, 2007 WL 1296656, at *3 (D.N.J. Apr. 27, 2007) (Linares, J.) (citing *Jeereddi A. Prasad, M.D., Inc. Retirement Plan Trust Profit Sharing Plan v. Investors Associates, Inc.*, 82 F. Supp. 2d 365, 367-68 (D.N.J. 2000)). The award that gives rise to Plaintiffs' FAA claim in this case was issued in "June/July 2004." (Plaintiffs' Revised Third Amended Compl. (henceforth "RTA Compl.") 19: ¶56.) However, Plaintiffs' original complaint

was filed in April of 2005, eight months after the award was delivered. (Docket #1) Thus, this claim is time barred.

Plaintiffs argue that this Court should apply equitable tolling to their FAA claim. (Plaintiffs' Opposition Br. 14.) "Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999). Equitable tolling is appropriate when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Id.* According to the Third Circuit, tolling is appropriate only when: (1) the defendant has actively misled the plaintiff regarding a cause of action; (2) the plaintiff has been prevented from asserting his rights in some extraordinary way; or (3) the plaintiff has timely asserted his rights in the wrong forum. *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

Plaintiffs do not explain how they were prevented from timely asserting their FAA claim. They do not argue that Defendants actively misled them or that they were prevented from challenging the award in some extraordinary way. Instead, they suggest that equitable tolling is proper in this case because the Supreme Court, in *Baldwin County Welcome Center v. Brown*, suggested that courts may apply equitable tolling in cases where plaintiffs have "been lulled into inaction" by the defendant's "affirmative misconduct." (Plaintiffs' Opposition Br. 13 (citing 466 U.S. 147, 151 (1984).) Yet Plaintiffs' RTAC does not explain how Plaintiffs were allegedly "lulled into inaction." While Plaintiffs argue in their opposition brief that they were made aware of the fraud in the arbitration process once their credit reports showed that their credit card payments were still delinquent, they fail to explain, and more importantly fail to allege in their RTAC, how MBNA misled them, or what extraordinary circumstances exist to warrant equitable tolling. (Plaintiffs' Opposition Br. 14.)

In their brief, Plaintiffs argue:

> It was not until plaintiffs discovered that their credit reports were reporting the accounts as delinquent, despite payment in full, that fraud in arbitration process was manifested. The arbitration process was fraudulent as MBNA/BOA failed to acknowledge plaintiffs' payment in full for debt owed, attached Exhibit 6, (Argent Mortgage MBNA liabilities), and Exhibit 7, (paid in full)– or any payment by plaintiffs.

(Plaintiffs' Opposition Br. 14.) Not only do Plaintiffs fail to show how MBNA's failure to acknowledge payment in full of the arbitration award prevented them from challenging the award in a timely manner, but they also fail to show that MBNA misled them at all.

As Plaintiffs have failed to set forth any valid reason that justifies equitable tolling in this case, Plaintiffs' claim for violation of the FAA is time-barred. Accordingly, Count One is dismissed with prejudice.

B. <u>Plaintiffs Fail to State a Claim for Common Law and Consumer Fraud.</u>

Count Two of Plaintiffs' RTAC alleges common law fraud, Count Three asserts a claim of consumer fraud, and Count Seven asserts claims of "mortgage fraud/fraud/fraudulent inducement/fraudulent conveyance" Plaintiffs' confusing and repetitive allegations make it difficult for this Court to determine which facts support which causes of actions. Given Plaintiffs' contentions, this Court construes their allegations to consist of two counts of common law fraud (Counts Two and Seven) and one count of consumer fraud (Count Three).

"To successfully maintain a common law fraud claim in New Jersey, a plaintiff must demonstrate (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the plaintiff rely on the misrepresentation; (4) reasonable reliance thereon; and (5) resulting damages." *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding Inc.*, 408 F. App'x 566, 575 (3d Cir. 2010) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)). To state a claim of

consumer fraud under New Jersey law, a plaintiff must allege that "the defendant engaged in an unlawful practice that caused an ascertainable loss to the plaintiff." *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (citing *Cox v. Sears Roebuck & Co.*, 138 N.J. 2 (1994)).

Claims of common law fraud and consumer fraud under New Jersey law are held to the higher pleading standard of Rule 9(b). *See id.* at 200 (applying the Rule 9(b) pleading standard to claims of fraud under New Jersey law). However, none of Plaintiffs' fraud claims are pleaded with particularity. Instead, Plaintiffs make conclusory statements that largely fail to address the elements of their purported claims.

Though Plaintiffs repeatedly assert that Defendants' conduct was fraudulent in Count Two, they do not point to any specific acts that could be interpreted as fraud. Plaintiffs claim that:

> [Defendants] committed fraud and misrepresentation on the plaintiffs, fraud in the procurement of arbitration awards, fraud on the Superior Court of New Jersey, by falsely and fraudulently with malice, and without reasonable cause, representing the status and amount of plaintiffs' MBNA/BOA accounts. With purposeful malice and malicious intent to defraud plaintiffs, defendants made false and fraudulent oral representations and promises, and false and fraudulent written documentation representations and promises to the plaintiffs and Superior Court of New Jersey.

(RTA Compl. 20: ¶59.) Yet, there is no explanation of the content of the oral and written representations, of why these representations were fraudulent, or how these representations caused Plaintiffs to suffer financial harm. There is also no allusion to facts stated elsewhere in the RTAC that might support this claim. Indeed, the RTAC contains no support for the cause of action asserted in Count Two. Thus, Plaintiffs' allegations amount to conclusory statements that are not assumed to be true when considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

Furthermore, Count Three of the Revised Third Amended Complaint contains only a conclusory statement in support of the cause of action. Plaintiffs claim that "[d]efendant knowingly, purposefully, and deceptively defrauded plaintiffs, made false promises, intentionally misrepresented with the intent that plaintiffs rely on the same." (RTA Compl. 22: ¶62.) Again, there is no explanation of the content of these alleged misrepresentations, of how they were fraudulent, or how they caused financial harm.

Similarly, Count Seven relies exclusively on conclusory statements. It also alleges fraud against all Defendants generally without explaining the particular conduct of each individual Defendant that could be considered fraudulent. Though Plaintiffs named MBNA, Citigroup, Inc., Barclays Bank PLC, d/b/a Homeq Servicing Corporation, Argent Mortgage Company, and John Does I, II, and III as defendants, they claim that:

> [A]ll defendants defrauded plaintiffs with fraudulent scheme including fraudulent inducement into October 2004 subprime mortgage, fraudulent obtainment and fraudulent conversion of plaintiffs' 2004 October subprime mortgage, and fraudulent scheme to defraud plaintiffs and keep them in fraudulent subprime mortgage, and fraudulently combined to accomplish the unlawful purpose by unlawful means the fraudulent taking of plaintiffs' mortgage monies and the continued fraudulent conspiracy to fraudulently report MBNA/BOA accounts as unpaid, fraudulently obtain and fraudulent [sic] convert plaintiff's subprime mortgage, in order to keep plaintiffs in subprime mortgage [sic] in which all defendants have a financial interest.

(RTA Compl. 27-28: ¶75.) These allegations contain no factual support for Plaintiffs claim of fraud. Rather, they amount to conclusory statements that lack any particularity, as required by Rule 9 (b) of the Federal Rules of Civil Procedure.

These fraud claims have remained unchanged since April 2008. (Docket #84.) In fact, Counts Two and Three against Defendants have remained mostly unchanged since they were first alleged in Plaintiffs' Original Complaint in 2005. (Docket #1.) It is clear to this Court that

10

Plaintiffs are either unable or unwilling to plead sufficient facts in support of these claims in a cogent and intelligible fashion. Because Plaintiffs have again failed to state a claim and have repeatedly failed to cure the pleading deficiencies in these counts, it is apparent that allowing them leave to file another amended complaint would be futile. Accordingly, Counts Two, Three, and Seven are dismissed with prejudice.

C. <u>Plaintiffs Fail to State a Claim for Defamation.</u>

Though Defendants argue that Plaintiffs' defamation claim (Count Four) should be dismissed because defamation claims are preempted by the Fair Credit Reporting Act ("FCRA"), this Court does not address this argument as it is unnecessary to resolve the matter at hand.

Plaintiffs' defamation claim again relies exclusively on conclusory statements. Plaintiffs allege that Defendants defamed them because Defendants, "knowingly and recklessly with malice, provided false information regarding plaintiffs to credit reporting agencies...." (RTA Compl. 23: ¶65.) To state a claim for defamation under New Jersey law, a plaintiff must allege: "(1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault." *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998). Thus, Plaintiffs factual support amounts to a threadbare recitation of the elements of the cause of action, which should not be given a presumption of truthfulness when considering a motion to dismiss.

Because Plaintiffs have repeatedly failed to cure this pleading deficiency, Count Four is dismissed with prejudice.

D. <u>Plaintiffs Fail to State a Claim for Emotional Distress</u>

11

As an initial matter, it is unclear to the Court whether Plaintiffs' claim for infliction emotional distress (Count Five) is for intentional or negligent infliction.[3] The Court will construe Count Five as asserting a claim for intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, a plaintiff must allege facts suggesting that a defendant's extreme and outrageous conduct caused the plaintiff severe distress that interferes with normal life activities. *See Moran v. DaVita Inc.*, 441 F. App'x 942, 947 (3d Cir. 2011); *Buckley v. Trenton Savings Fund Society*, 111 N.J. 355, 366-69 (1988); *Griffin v. Tops Appliance City*, 337 N.J.Super. 15, 23-24 (App. Div. 2001). Furthermore, a plaintiff must allege facts suggesting that he or she suffered a "severe and disabling emotional or mental condition, which may be generally recognized and diagnosed by professionals trained to do so...." *Griffin*, 337 N.J. Super. at 26.

Once again, Plaintiffs allege conclusory statements that echo the elements of a cause of action for intentional infliction of emotional distress. In support of their claim, Plaintiffs allege that Defendants "purposefully and egregiously inflicted extreme emotional distress on plaintiffs." (RTA Compl. 24: ¶68.) They further allege that "[a]s a direct and proximate cause of defendant's purposeful and egregious infliction of extreme emotional distress on plaintiffs, plaintiffs suffered extreme emotional distress." (RTA Compl. 25: ¶69.) Plaintiffs neither point to any specific conduct that could be seen as outrageous, nor do they identify a specific emotional or mental condition that resulted from Defendants' conduct. There is also no allusion to facts stated elsewhere in the RTAC that might support this claim.

Because Plaintiffs have repeatedly failed to cure this pleading deficiency, Count Five is dismissed with prejudice.

---

[3] Plaintiff alleges in Count Five that Defendants "purposefully and egregiously inflicted extreme emotional distress on plaintiffs." (Amended Compl. 24: ¶68.) However, the header for this claim reads "EMOTIONAL DISTRESS." (Amended Compl. 24.)

E. <u>Plaintiffs Fail to State a Claim for Violation of the Fair Credit Reporting Act</u>

Though there is no private right of action for a violation of the FCRA, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011), credit reporting agencies are required to conduct reasonable reinvestigations of the accuracy of a consumer's credit information if that consumer disputes the accuracy with such an agency. *See* 15 U.S.C. § 1681i (a)(1)(A). Once a consumer disputes the information, the credit reporting agency has to notify "any person who provided any item of information in the dispute...." *Id.* at § 1681i (a)(2)(A). Once this notification is given, the furnisher must conduct its own investigation and report back to the agency on the accuracy of the disputed information. *Id.* at § 1681s–2(b)(1). This Court has recognized that consumers have a private right of action to enforce a furnisher's duty to investigate. *Martinez v. Granite State Mgmt. & Res.*, No. 08-2769, 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008) (Linares, J.). Further, this Court has held that "to state a claim under [§ 1681s-2(b)], a plaintiff must plead that '(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" *Id.* (quoting *Ruff v. America's Servicing Co.*, No. 07-489, 2008 WL 1830182, at * 4 (W.D. Pa. Apr. 23, 2008)).

Plaintiffs' FCRA violation claim (Count Six) does not allege sufficient facts to support a cause of action for any purported violation of the Act. Plaintiffs have arguably pleaded enough facts to satisfy the first element under § 1681s-2(b) by alleging that they disputed the erroneous credit information with "all credit reporting agencies pursuant to the Fair Credit Reporting Act." (RTA Compl. 8: ¶26.). However, there are no factual allegations to support the reasonable inference that these agencies notified MBNA of their dispute or that MBNA failed to investigate and modify the alleged inaccurate information.

13

Because Plaintiffs fail to plead sufficient facts to support this claim, Count Six is dismissed with prejudice.

F. <u>Plaintiffs Fail to State a Claim for Breach of Contract.</u>

In order to state a valid breach of contract claim, a plaintiff must show that: (1) there is a contract between the parties; (2) the contract was breached; (3) the breach caused damages; and, (4) the party stating the claim performed its own contractual obligations. *Frederico,* 507 F.3d at 203.

Plaintiffs fail to plead facts showing that a contract was breached or that they suffered damages as a consequence of a breach. Plaintiffs allege only that Defendants "breached the credit card agreement by failing to abide by the terms of the contract." (RTA Compl. 34: ¶94.) This is a conclusory statement that cannot be afforded a presumption of truthfulness when considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555, 557).

Because Plaintiffs have repeatedly failed to state a viable breach of contract claim, Count Eleven is dismissed with prejudice.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss (Docket #453) is granted. Counts One, Two, Three, Four, Five, and Six are dismissed *with* prejudice. Counts Seven and Eleven are dismissed with prejudice as to MBNA to the extent that they allege claims relating to Plaintiffs' credit card accounts.

An appropriate Order accompanies this Opinion.

Dated: April 9, 2014

_____
Jose L. Linares
United States District Judge

15