**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR & RALPH SCHIANO, <br><br> Plaintiffs, <br><br> v. <br><br> MBNA CORPORATION, et al. <br><br> Defendants. | Civil Action No. 05-1771 (JLL) <br><br> **OPINION AND ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way Plaintiffs Eleanor and Ralph Schiano ("Plaintiffs")'s motion for reconsideration of this Court's Opinion and Order of April 9, 2014, granting Defendants Bank of America Securities, LLC and MBNA Corporation (Defendants)'s motion to dismiss. The Court has considered the submissions in support of, and in opposition to, Plaintiffs' motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' motion is **DENIED**.

**I.  BACKGROUND**

This Court has set forth the facts of the case in numerous opinions over the course of the nine years this matter has been pending. Therefore, the Court will set forth only that background which is specifically relevant to deciding Plaintiffs' motion for reconsideration.

On April 9, 2014, this Court entered an Opinion and Order granting Defendants' motion to dismiss all claims pertaining to Plaintiffs' credit card account because of Plaintiffs' repeated failures to state viable claims. Consequently, the Court dismissed the following Counts of

1

Plaintiffs' Revised Third Amended Complaint with prejudice: Counts One, Two, Three, Four, Five, and Six, as well as Counts Seven and Eleven to the extent these claims relate to Plaintiffs' credit card accounts.[1]

In its Opinion, the Court noted that it has "given Plaintiffs multiple opportunities to file a well-pleaded complaint" and "has also given them significant guidance on how to go about filing a complaint that is comprehensible." (CM/ECF No. 468 at 6.) The Court further observed that it has become apparent "that Plaintiffs are either unable or unwilling to make cogent and intelligible factual allegations raising their right to belief above the speculative level." (*Id.*) Thus, the Court concluded that "it would be futile to grant [Plaintiffs] leave to further amend the [Revised Third Amended Complaint]." (*Id.*)

## II.   LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: (1) an intervening change in law; (2) the availability of new evidence not previously available; or (3)

---

[1] Count One alleges a violation of the Federal Arbitration Act; Count Two alleges common law fraud; Count Three alleges common law fraud; Count Four alleges defamation; Count Five alleges a claim of emotional distress; Count Six alleges a violation of the Fair Credit Reporting Act; Count Seven alleges claims of mortgage fraud/fraud/fraudulent inducement/fraudulent conveyance; and Count Eleven alleges a breach of contract claim.

a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City,* No. 98-5186, 2008 U.S. Dist. LEXIS 293, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

### III. DISCUSSION

At the outset, the Court notes that, much like Plaintiffs' other written submissions to this Court, Plaintiffs' brief in support of their motion for reconsideration is difficult to understand because the arguments are not presented in a cogent and intelligible manner. More importantly, Plaintiffs have failed to articulate specifically why an application of the relevant legal standard entitles them to reconsideration.

As best this Court can tell, Plaintiffs argue that reconsideration is warranted because this Court never allowed them to add new claims and new defendants in their Third Amended Complaint. (*See* CM/ECF No. 471-1 at 14-15.) Thus, according to Plaintiffs, this Court's assertion that Plaintiffs have had "multiple opportunities to file a well-pleaded complaint," (CM/ECF No. 468 at 6), constitutes "manifest factual . . . error," (CM/ECF No. 471-1 at 15.)

Plaintiffs' argument is misguided. On March 6, 2012—nearly four years after filing their Second Amended Complaint—Plaintiffs filed a motion seeking leave to file a Third Amended Complaint. (*See* CM/ECF No. 311.) Magistrate Judge Michael A. Hammer denied Plaintiffs' motion *without prejudice* upon concluding that the proposed Third Amended Complaint appended to Plaintiffs' motion failed to comply with the basic notice pleading requirements of Federal Rule of Civil Procedure 8(a). (CM/ECF No. 341.) Judge Hammer granted Plaintiffs leave to renew their motion to amend and cure the pleading deficiencies in Plaintiffs' proposed Third Amended

3

Complaint. In so doing, Judge Hammer gave Plaintiffs detailed guidance on how to go about filing a coherent and intelligible complaint. Among other things, Judge Hammer admonished Plaintiffs to "clearly identify which claims are asserted against each defendant, and the basis of such claim." (CM/ECF No. 341 at 5.)

Plaintiffs subsequently filed a renewed motion for leave to file a Third Amended Complaint on September 19, 2012. On February 11, 2013, Judge Hammer entered an Opinion and Order granting Plaintiffs' motion insofar as they sought to withdraw certain claims, but denying it insofar as they sought to add new factual allegations, parties, and claims. (CM/ECF No. 366.) In a most detailed Opinion, Judge Hammer observed that in spite of his prior admonitions, Plaintiffs proposed Third Amended Complaint: (1) "presents more than 100 paragraphs alleging various facts in no logical order, and often seemingly untethered to any cause of action;" (2) "continues to intertwine legal arguments and irrelevant facts with allegations apparently meant to give rise to Plaintiffs' new claims;" (3) includes "defendants that have been dismissed from this action;" (4) "lacks organization and presents new facts in no logical manner;" and (5) "mixes factual assertions with legal conclusions, repetitive statements, and references to seemingly irrelevant matters." (CM/ECF No. 365 at 15-16.)

Plaintiffs later appealed Judge Hammer's Opinion and Order of February 11, 2013 to this Court. In affirming Judge Hammer, this Court observed that "the allegations in Plaintiffs' proposed Third Amended Complaint are incoherent, unintelligible, and make absolutely no sense." (CM/ECF No. 404 at 7.)

At bottom, Plaintiffs' pending motion for reconsideration is largely an expression of dissatisfaction with this Court's prior rulings concerning their motions for leave to amend. Additionally, Plaintiffs devote extensive space in their brief to rehash the same arguments they

made in opposing Defendant's motion to dismiss. Specifically, they argue that: (1) their claim under the Federal Arbitration Act is subject to equitable tolling; (2) they have pled their fraud claims with sufficient particularity; and (3) they have stated viable claims for defamation, emotional distress, and a violation of the Fair Credit Reporting Act. (*See* Pl. Br. at 15-20.) The Court addressed each of these arguments in its Opinion granting Defendants' motion to dismiss. (*See* CM/ECF No. 468 at 6-13.)

Notably, Plaintiffs fail to point to any controlling decisions this Court has overlooked. Nor have they explained why a different outcome is justified by an intervening change in law, new evidence not previously available, or a need to correct clear error of law.

Accordingly, for the foregoing reasons,

**IT IS** on this 20 day of May, 2014

**ORDERED** that Plaintiffs' motion for reconsideration is DENIED.

JOSE L. LINARES
U.S. DISTRICT JUDGE