HELEN E. COONEY MUELLER
Attorney at Law
11 Susan Avenue
Wayne, New Jersey 07470
(973) 633-8021
FAX – (973) 633-8021
helenelmueller@yahoo.com

May 22, 2014

Hon. Joseph A. Dickson, Magistrate Judge
U.S. District Court, New Jersey
Martin Luther King, Jr. Federal Bldg & Courthouse
50 Walnut Street, Newark, New Jersey 07101

Re: Schiano v. Bank of America, et al.
    DN: 05-1771

Dear Judge Dickson:

     This letter is in accordance with Your Honor's April 24, 2014 Order, DE # 472, and amended Order dated April 28, 2014, DE # 474.  As the Court is aware, plaintiffs secured a mortgage commitment from Wells Fargo Bank, N.A. last year, which could not be effectuated due to invalid mortgage title.  In addition, plaintiffs have repeatedly requested refinance from numerous banks over the past few years, only to be informed that mortgage title must first be corrected.   On April 24, 2014, Your Honor advised that plaintiffs should first secure another mortgage commitment. While securing a mortgage commitment, without proper mortgage title first being ascertained, is precarious as time constraints become an issue, with serious damages and consequences for any future mortgage commitment if current commitment not effectuated, plaintiffs have abided by this Court's directive and have secured mortgage commitments from Wells Fargo and Citibank (only waiting for appraisal report), both at a higher mortgage rate than last year's mortgage commitment with Wells Fargo.  Judge Hammer previously ordered that plaintiffs could depose Wells Fargo and Ocwen, with Mr. Tabakin to forward subpoenas to Wells Fargo and Ocwen.  Mr. Tabakin failed to forward subpoena to Wells Fargo. Judge Hammer also informed that plaintiffs may eventually be permitted to file a Fourth Amended complaint based on new evidence, loss of last year's mortgage commitment.

     This Court held Wells Fargo deposition in abeyance, and requested that plaintiffs secure another mortgage commitment.  Since the current Wells Fargo commitment expires on July 8, 2014 (Citibank on June 30, 2014), time is of essence, and perhaps a Fourth Amended complaint, or new action, should have been in place, with thus an immediate Order to Show Cause (OTSC) to ascertain mortgage title.  Nevertheless, plaintiffs appreciate Your Honor's anticipated efforts to resolve mortgage title within the expiration time constraints.  While this Court has had difficulty understanding plaintiffs'

1

allegations, the fact remains that plaintiffs still do not know who actually owns their loan, and should not be in this position after years of litigation.  Speculation as to ownership of loan has only added to incomprehension of serious loan ownership allegations.

Further, plaintiffs do not even know who Gregory Tabakin, Esq. actually represents.  Ocwen took over Homeq, plaintiffs' prior loan servicer.  According to the Asset Purchase Agreement (APA), DE # 349-25 (Section 5.23), Ocwen was to take over all existing Homeq  litigation.   This was to be automatic, without the necessity of amended complaint, and it was incumbent upon Mr. Tabakin to inform the Court of Ocwen's assumption of Homeq litigation by the APA.  If Ocwen did not take over the within existing litigation, which it did not, then it begs the questions as to what entity Mr. Tabakin actually represents, which is a reasonable question for this Court.

That being said, Wells Fargo and Citibank have both advised that Ocwen owns the Schiano loan, and that it is Ocwen who must receive payoff and discharge loan.  Unfortunately, this cannot occur without an assignment to Ocwen.  The last assignment is to Wells Fargo Bank, N.A., trustee. Wells Fargo is clear, however, that despite March/April 2009 assignments from Argent and Ameriquest to Wells Fargo Bank, N.A., DE #349-21, it (Wells Fargo) , in any capacity, including as trustee to PPSI 2004, or any trust, has no record of the Schianos and is not receiving any loan payments from Ocwen on behalf of the Schianos for any trust.  Thus, Wells Fargo will not, and cannot execute an assignment to Ocwen in order to clear title for mortgage commitment.  Wells Fargo claims Ocwen owns the Schiano loan.   The issue, therefore, is how Ocwen,who presumably obtained the loan from its predecessor Homeq, acquired plaintiffs' loan, and how can mortgage title be restored.  Argent/Ameriquest, who effectuated year 2009 assignment to Wells Fargo, no longer exist, but were acquired by Citigroup, Inc.

Plaintiffs have repeatedly argued, as incredulous as it seems, that their present loan is no more than a modification of year 2002 loan, whereby Bank of America Corporation (BOA) is owner of the loan, via mergers and acquisitions, Freddie Mac was investor (all subsequent refinances were also modifications of the BOA/Freddie loan), and Wells Fargo was servicer.  According to the Office of Comptroller and Currency (OCC), the year 2002 loan was placed in default, DE #349-4.  The Schianos, however, were never in default and have never missed a mortgage payment.

Contrary to Wells Fargo's position that Wells Fargo has no knowledge of Schiano loan, Mr. Hanville (Ocwen deposition) claims Schiano payments are being forwarded to Wells Fargo Bank, NA, trustee, but cannot provide the department, location, and division of Wells Fargo that the Schiano loan payments are supposedly being forwarded.  Mr. Hanville also claims that Investor, on payment history, which is recorded as "2859, Pool #1" refers to Wells Fargo, by client code, as  Mr. Hanville claims Wells Fargo is the investor to Schiano  loan.  Plaintiffs have argued that Investor 2859, Pool #1, refers to a

Freddie Mac REMIC, DE #423-9 and 10, which would comport with the OCC letter stating that plaintiffs were in default (albeit false) in year 2002, whereby Freddie Mac was investor and BOA owner of the loan.   Wells Fargo adamantly disputes Mr. Hanville's testimony.   Wells Fargo, in any capacity, including trustee, servicer, and Master Servicer, has not received any payment regarding any loan/modification related to Schianos, and Wells Fargo denies any knowledge of a mortgage file certification regarding any Schiano loan securitization.   No record of Schianos, since 2001/2002, exists in Wells Fargo system, including as trustee to any trust.

　　　　Wells Fargo cannot execute an assignment to Ocwen, because Wells Fargo is not the mortgage owner, not the note holder, and Wells Fargo has no knowledge of the Schianos – including in any capacity as trustee to any trust.  Plaintiffs' title company and refinance attorney, David Wigfield, have reviewed and the title states that a corrective assignment(s) must be effectuated by Argent/Ameriquest's successor Citigroup, Inc. This would pave the way for Argent/Ameriquest, now Citigroup, Inc. to finally identify the entity to whom Argent/Ameriquest, now Citigroup, Inc., actually sold plaintiffs' 2004 loan to, and provide valid assignment to Ocwen.  Further, the defendant BOA, as owner of year 2002 loan, via acquisitions and mergers, can also provide the route of the year 2002 loan, including loan modifications.  Any reflected default with Freddie Mac must be removed, as all refinances, in today's market, will be sold to Freddie/Fannie.  Plaintiffs require a valid refinance that will be sold to Freddie/Fannie, and not sold back to Ocwen as a default loan, requiring further litigation.

　　　　Appeals and new actions should not be necessary in this case.  It has been years, with excessive legal costs, three years of mediation fees/costs, refinance costs, differential mortgage rate loss – and plaintiffs still cannot effectuate a refinance due to invalid mortgage title.  Additional necessary parties have been precluded from this case (Ocwen should have been automatic as Homeq successor via APA, see above).  Mr. Tabakin, should immediately inform this Court, and parties, the identity of entity he actually represents. Finally, the banks have also conditioned plaintiffs' mortgage commitment on proof of current loan payments.  Ocwen, and former Homeq, have reported on plaintiffs' credit reports that the Schianos have missed years, and now months of loan payments.  Plaintiffs' proposed TAC to include FCRA claims versus Ocwen was denied by this Court in February 2013, with the Court stating that Ocwen is not the furnisher of information and is only a servicer who is not subject to the FCRA.  Ocwen should have been automatic successor to Homeq, via APA, and current loan payments should have been reflected on credit reports.

Respectfully,
s/_____
Helen E. Cooney Mueller

Cc: All counsel of record