NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR SCHIANO and RALPH SCHIANO,<br><br>Plaintiffs,<br><br>v.<br><br>MBNA, *et al.*,<br><br>Defendants. | Civil Action No.: 5-1771 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Bank of America's motion to dismiss what is now Plaintiff's Fourth Amended Complaint. (ECF No. 528). Plaintiffs Eleanor and Ralph Schiano have opposed this motion (ECF No. 535) and Bank of America has replied to that opposition (ECF No. 541). The Court has considered the submissions filed in support of, and in opposition to, Bank of America's motion and decides this matter without oral argument. *See* Fed. R. Civ. P. 78. For the reasons stated herein, the Court grants Bank of America's motion to dismiss.

I.   **BACKGROUND**

In an Opinion dated February 11, 2013, Magistrate Judge Michael A. Hammer set forth in detail the factual and procedural history of this case. Because this matter is now in its eleventh year of litigation, the background is extensive. As the Court writes only for the parties, it will set forth only those facts it deems relevant to deciding Bank of America's motion.

Plaintiffs Eleanor and Ralph Schiano are New Jersey residents. (ECF. No. 523, Fourth Amended Complaint, "FAC" ¶ 3). Plaintiff state that "[t]he nature of this action arises out of mortgage fraud, for ongoing financial profit, to induce, obtain, and keep plaintiffs in a higher interest subprime mortgage, and the ongoing inability to refinance out of the loan due to title issues." (*Id.* ¶ 2). Moving Defendant Bank of America is a Delaware corporation. (*Id.* ¶ 4; ECF No. 538-1 at 2). While Plaintiffs allege that "Bank of America is also successor to MBNA Corporation," Bank of America states that it "is not a successor by merger to MBNA Corporation." (FAC ¶ 4; ECF No. 538-1 at 2).

Plaintiffs filed the operative Fourth Amended Complaint ("FAC") on April 15, 2016. In addition to allegations against a number of other Defendants, Plaintiff asserts the following five counts against Bank of America: (1) "mortgage fraud/fraud/and fraudulent inducement and fraudulent conveyance"; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 and 2607; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, 1602, *et seq.*, and; (4) breach of contract.[1]

According to Plaintiffs, "BOA now seeks to dismiss instant [sic] action by attacking the original unamended year 2007 complaint, which is not the true complaint as it does not, for reasons set forth above, contain all the factual allegations and claims Plaintiffs have sought to present." (Pls.' Opp. Br. at 4). Plaintiffs appear to argue that they have been unfairly prejudiced by this Courts' rulings denying their requests to file amended complaints. (*Id.*). Thus, Plaintiffs request "permi[ssion] to state additional facts in an amended complaint versus BOA, along with corrections/additions to original Counts." (*Id.*). This Court will deny Plaintiffs' request.

---

[1] Plaintiffs have voluntarily dismissed their claim against Bank of America under the Uniform Fraudulent Transfer Act, N.J.S.A. 25:2-1, *et seq.* (Pls.' Opp. Br. at 27-28).

Magistrate Judges Hammer and Dickson have on numerous occasions reviewed proposed amendments to the various iterations of Plaintiffs' complaint throughout the years, and have permitted amendment where appropriate. Most recently, in March of this year, Judge Dickson explained that

> allowing any other amendments other than the addition of new defendants would be inappropriate, given the circumstances under which this Court permitted Plaintiffs to move to amend, the age of this case, and the numerous motions to amend previously filed, (*see* ECF Nos. 22, 193, 262, 311 and 349) and Plaintiffs' failure to demonstrate how they have satisfied the Federal Rule of Civil Procedure 16 good cause standard at this late juncture.

(ECF No. 520, at 2). At a June 30, 2016 conference, Magistrate Judge Dickson made clear that it is about time that this eleven year old litigation move forward to a resolution. As such, the Court will not entertain Plaintiffs' request to amend their FAC, and will render a determination based upon the papers.

On May 2, 2016, Bank of America filed the pending motion to dismiss Plaintiffs' FAC. (ECF No. 528-1, "Def.'s Mov. Br."). Plaintiffs opposed this motion on May 19, 2016 (ECF No. 535, "Pls.' Opp. Br."), and Bank of America replied on May 31, 2016 (ECF No. 541, "Def.'s Reply Br."). This matter is now ripe for the Court's adjudication.

## II.   LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments

3

without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. DISCUSSION

As noted above, a thorough recitation of Plaintiffs' allegations can be found in Magistrate Judge Hammer's 2013 Opinion, and the Court only includes allegations herein that it deems pertinent to deciding Bank of America's motion to dismiss. Plaintiffs offer the following allegations against Bank of America in their FAC:[2]

- "Bank of America Corporation, as underwriter/purchaser/investor/lender to [P]laintiffs' subprime mortgage, and as securitized mortgage credit enhancer [together with other Defendants] defrauded and conspired to defraud [P]laintiffs by falsely and fraudulently inducing them into a subprime mortgage to pay MBNA/BOA debt with subprime mortgage monies knowing that payment of MBNA/BOA debt in full, was actually finance charges for a loan presented as a mortgage to Ralph Schiano in October 2004." (FAC ¶ 15).

- "...Bank of America Corporation, as underwriter/purchaser/investor/lender to [P]laintiffs' subprime mortgage, and as securitized mortgage credit enhancer [together with other Defendants] defrauded and conspired to defraud [P]laintiffs by falsely and fraudulently keeping [P]laintiffs in subprime mortgage, and by fraudulently conspiring to conceal information from [P]laintiffs as to fraudulent conveyance of [P]laintiffs' subprime mortgage without valid assignment/transfer mortgage note agreements, and by falsely and fraudulently concealing the relationships between the defendants and their financial interests in [P]laintiffs' subprime mortgage." (*Id.* ¶ 16).

- "[D]efendant Barclays/Homeq is a debt collector, and ... Bank of America Corporation, as underwriter/purchaser/investor/lender to [P]laintiffs' subprime mortgage, and as securitized mortgage enhancer [together with other Defendants] concealed this information from [P]laintiffs, and falsely and fraudulently converted [P]laintiffs' 2004 October mortgage note/contract to a debt by not recording valid mortgage note/contract assignment/transfer agreements ..." (*Id.* ¶ 17).

- "... Bank of America Corporation, as underwriter/purchaser/investor/lender to [P]laintiffs' subprime mortgage, and as securitized mortgage credit enhancer [together with other Defendants] defrauded and conspired to defraud [P]laintiffs through submission

---

[2] Omitted from this recounting are allegations pertaining to Bank of America's alleged interest in and relationship to Plaintiffs' mortgage—an interest and relationship which, as alleged, dates back to 1995. (*See* FAC ¶¶ 38-43).

4

of a false and fraudulent HUD statement and additional false and fraudulent documents related to [P]laintiffs' October 2004 subprime mortgage refinancing." (*Id.* ¶ 18).

- "... Bank of America Corporation, as underwriter/purchaser/investor/lender for subprime mortgage securitization, and as investor of securities, and as credit default insurance sellers to securitized trusts for guaranteed purchase of default debt, [together with other Defendants] have profited from ongoing fraud related to [P]laintiffs' and subprime mortgage, and have an ongoing financial interest in [P]laintiffs' subprime mortgage." (*Id.* ¶ 23).

Based on the above factual allegations, Plaintiffs now assert claims against Bank of America for (1) "mortgage fraud/fraud/and fraudulent inducement and fraudulent conveyance" (Count I); (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 and 2607 (Count III); (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, 1602, *et seq.*, (Count IV) and; (4) breach of contract (Count V). The Court addresses the sufficiency of the above factual allegations with respect to each of these causes of action, in turn.

## A. Count I

With respect to Count I for "mortgage fraud/fraud/and fraudulent inducement and fraudulent conveyance," Plaintiffs allege:

> that all defendants defrauded [P]laintiffs with fraudulent scheme including fraudulent inducement into October 2004 subprime mortgage, fraudulent obtainment and fraudulent conversion of [P]laintiffs' 2004 October subprime mortgage, and fraudulent scheme to defraud [P]laintiffs and keep them in fraudulent subprime mortgage, and fraudulently combine to accomplish the unlawful purpose by unlawful means of the fraudulent taking of [P]laintiffs' mortgage monies, fraudulently obtain and fraudulently convert [P]laintifffs' subprime mortgage in which all defendants have a financial interest.

(FAC ¶ 116). Plaintiffs further allege that "[D]efendants conspired and colluded with intent to defraud by inducing [P]laintiffs into subprime mortgage by inflating the real estate appraisal of [P]laintiffs' property to secure fraudulent mortgage to pay MBNA/BOA arbitration awards/debt."

(*Id.* ¶ 117). According to Plaintiffs, these "actions were fraudulent and with malice, purposeful and intentional, and without reasonable [sic] by law." (*Id.* ¶ 118).

To state a claim for fraud under New Jersey law, a plaintiff must establish: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). In addition, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum v. Bank of America,* 361 F.3d 217, 224 (3d Cir. 2004), *abrogation on other grounds recognized by In re Insurance Brokerage Litig.*, 618 F.3d 300, 323 n.22 (3d Cir. 2010). "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Lum*, 361 F.3d at 224.

Bank of America maintains that Count I should be dismissed because Plaintiffs have failed to plead any of the above elements to support their fraud claims. (Def.'s Mov. Br. at 9). In response, Plaintiffs argue that "[a]s to BOA's specific misconduct, it has concealed critical facts, failed to disclose critical evidence, and continues to avoid full disclosure of its participation in the loan saga and false default." (Pls.' Opp. Br. at 2). Plaintiffs further assert that "[a]n examination of the complaint sets forth very detailed allegations based on the available information and the known role of BOA."[3] The Court disagrees.

---

[3] Plaintiffs state that if given the opportunity, they could draft yet another pleading that sets forth more detailed allegations with respect to Bank of America's role in this action. As discussed above, and for the reasons provided by Magistrate Judge Dickson, Plaintiffs will not be permitted to file an amended pleading at this time. Plaintiff also

6

Indeed, Plaintiffs' fraud claims against Bank of America are subject to dismissal on account of their failure to satisfy the first element of a fraud claim. That is, Plaintiffs have not identified even a single misrepresentation made to them by Bank of America. Having failed to satisfy the first element of their fraud claims, Count I of Plaintiffs' FAC shall be dismissed as against Bank of America. The Court's analysis with respect to Count I of Plaintiffs' FAC need not proceed any further.

The Court does note, however, that even if Plaintiffs could successfully plead a fraud claim, Plaintiffs have not met Rule 9(b)'s heightened pleading standards for alleging fraud. That is, Plaintiffs have not "plead[ed] the 'date, place or time' of the fraud, or . . . 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum,* 316 F.3d at 224. Repeated use of the word "fraud" throughout Plaintiffs' FAC does not suffice. For these reasons, Count I of Plaintiffs' FAC is dismissed.

## B. Count III

In Count III of their Complaint, Plaintiffs allege that Bank of America has violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 and 2607. This statute prohibits, *inter alia*, the "accept[ance of] any fee, kickback, or thing of value pursuant to any agreement or understanding . . . that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a).

---

argue that more discovery is needed in order for them to plead specific allegations of fraud as against Bank of America. The litigation process is not, however, infinite. This case began in 2005 and Bank of America has been a Defendant since April of 2008. Plaintiffs have had more than ample opportunity to engage in discovery and uncover information that may lead to more specific allegations of fraud.

Plaintiffs summarily plead that "[i]n violation of 12 U.S.C. § 2607 . . . all other defendants [which appears to include Bank of America] paid fees and kickbacks to each other, regarding the [P]laintiffs' subprime mortgage which is a federally related mortgage and falls under 12 U.S.C. §2607, and in the form of unaccounted for payment in full of MBNA/Boa debt through subprime mortgage, which now equates to kickbacks and/or unearned fees to defendants and violation of RESPA federal statute." (FAC ¶ 126).

The above allegation, which contains a mere recitation of the RESPA statute, plainly fails to satisfy the threshold pleading requirements of Federal Rule of Civil Procedure 8(a).[4] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal citation omitted). That is, "Plaintiff[s] d[o] not allege which Defendant purportedly accepted real estate service charges; the identity of the individual with whom any Defendant split charges; when charges were impermissibly imposed for real estate services; or what 'other . . . service [Defendant] actually performed' when it purportedly billed for real estate services." *Gonzalez v. U.S. Bank Nat. Ass'n*, Civ. No. 14-7855, 2015 WL 3648984, * 8 (D.N.J. June 11, 2015) (Arleo, J.). Accordingly, Count III of Plaintiffs' FAC is dismissed as against Bank of America.

### C. Count IV

Plaintiffs allege that Bank of America has violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, 2016 *et. seq.* as well as "Regulation Z" thereto (12 C.F.R. 226), known as the Home

---

[4] Plaintiffs' opposition brief has failed to clarify what fees or kickbacks were allegedly accepted by Bank of America. (*See* Pls.' Opp. Br. at 28-29). Instead, they merely argue that "fraud[ ] created by BOA's actions, is subject to both TILA and RESPA" and that Bank of America is somehow "subject to RESPA for the modifications" allegedly made in 2002 and 2004. (*Id.* at 28).

8

Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602(aa). The entirety of Plaintiffs' substantive allegations of TILA and HOEPA violations are as follows:

> As the result of the earned and unearned fees/kickbacks in the [P]laintiffs' October 2004 subprime mortgage, the fees exceeded eight (8) percent of the loan amount resulting in a HOEPA loan, which was not disclosed to the [P]laintiffs by [D]efendants. Further, HOEPA prohibits a lender from engaging in a pattern or practice of extending HOEPA loans without regard to the borrowers' ability to repay from sources other than the encumbered home's equity. Further, [D]efendants violated Truth in Lending Act by failing to acknowledge payment in full of [P]laintiffs' MBNA/BOA debt.

(FAC ¶ 130).

Bank of America argues that it cannot be liable for Plaintiffs' TILA and HOEPA claims because liability for these claims can only be imposed on a creditor or assignee of a loan, and "Bank of America was neither the creditor nor the assignee of the Plaintiffs' mortgage loan." (Def.'s Mov. Br. at 10-11). Bank of America notes further that Plaintiffs have pleaded that the lender on their 2004 mortgage loan (the subject of this lawsuit) was Argent Mortgage Company (FAC ¶ 64) and that this mortgage "was assigned by Argent Mortgage Company to Ameriquest Mortgage Company, and then from Ameriquest Mortgage Company to Wells Fargo Bank, N.A., trustee to Park Place Securities, Inc." (*id.* ¶ 70). (Def.'s Mov. Br. at 11). Accordingly, Defendants argue that "Plaintiffs do not and cannot allege that Bank of America was the original creditor on their mortgage or that their mortgage was ever assigned to Bank of America." (*Id.*).

The Court has attempted to follow Plaintiffs' explanation as to how it is that Bank of America can be said to be their lender. Plaintiffs allege that they purchased their home in 1987 with a mortgage loan from Manchester Financial Group. (FAC ¶ 27). In 1992, Plaintiffs refinanced with Bay City Mortgage Banker ("Bay City"), and the Bay City mortgage "was assigned to BarclaysAmerican/Mortgage Corporation on February 8, 1993, and subsequently assigned to GE Capital Mortgage Services, Inc." (*Id.* ¶ 29). Plaintiffs allege that "Bank of America

9

has succeeded to or inherited the position and liabilities of GE" because "GE was purchased or acquired by Bank of America Corporation through a series of mergers, sales and acquisitions: to wit: GE, [sic] was acquired by Arbor National Holdings (hereinafter Arbor), f/k/a American Mortgage Banking LTD, in or about the year 1991." (*Id.* ¶ 39). Thereafter, "[i]n year 1995, Arbor merged with BankAmerica Corporation, now known as Bank of America Corporation. Thus, Bank of America Corporation assumed the role of [P]laintiffs' mortgagee in approximately the year 1995 by mergers and acquisitions." (*Id.* ¶ 40).

In what appears to be an attempt to summarize the above allegations of their FAC, Plaintiffs now state:

> BOA became [P]laintiffs' Lender after merger with Arbor National (1995) (Arbor had previously acquired GE Capital Mortgage Services, [P]laintiffs' former Lender in 1992, and organized the acquisition in year 1993). . . . While Freddie Mac was [P]laintiffs' investor in year 2002, Freddie Mac does not lend and the Lender thus remained the Lender in effect at said time. Thus, BOA was [P]laintiffs' Lender in year 2002, and master servicer for investor Freddie Mac, when [P]laintiffs' loan was falsely placed in default with Freddie Mac. All subsequent refinances were no more than modification of BOA mortgage.

(Pls.' Op. Br. at 30). As Judge Hammer noted in his February 11, 2013 Opinion "[b]ecause BOA allegedly was or remains their mortgagee, Plaintiffs allege that all subsequent refinancings after 2000 were 'modifications.' Plaintiffs neither explain the basis for this conclusory allegation nor explain what effect it has on their mortgages, other than to state that it means BOA is their mortgagee and, somehow, owns their property." (ECF No. 365 at 5).

Plaintiffs' FAC does little to shed light on the confusion raised by Magistrate Judge Hammer in 2013 with respect to Bank of America's relationship to the 2004 mortgage (or as described by Plaintiffs, the "modification"). In short, based upon a thorough reading of Plaintiffs' FAC, the Court cannot ascertain the relationship, if any, between Bank of America and the 2004 transaction. Thus, eleven years after initiating this lawsuit, Plaintiffs have failed to put forth "a

short and plain statement of [their TILA/HOEPA] claim[s] showing that [they are] entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will therefore dismiss Count IV as against Bank of America.

Additionally, Bank of America notes that a one-year statute of limitations applies to actions brought under TILA (*see* 15 U.S.C. § 1640(e)), and that the statute begins to run on the date that the transaction is consummated (*see Chevalier v. Baird Sav. Ass'n*, 371 F. Supp. 1282, 1284 (E.D. Pa. 1974)). (*Id.* at 10-11). Because the transaction at the center of the lawsuit occurred in October of 2004, Plaintiffs' TILA/HOEPA claims were time-barred as of October 2005—one year after the consummation of the 2004 transaction. Yet, Bank of America was not even brought into this litigation until 2008. Accordingly, the Court agrees with Bank of America that even if Plaintiffs' allegations were intelligible, their TILA/HOEPA claims would be time-barred.

In response, Plaintiffs cite to a Third Circuit case in which the Circuit recognized that "the fraudulent concealment doctrine operates to stop the statute of limitations from running [on TILA and HOEPA claims] in circumstances where the accrual date of a claim has passed but the 'plaintiff's cause of action has been obscured by the defendant's conduct.'" *In re Community bank of Northern Virginia Mortg. Lending Practice Litig.*, 795 F.3d 380, 401 (3d Cir. 2015). As discussed above, however, Plaintiffs have failed to allege with the requisite specificity any fraud perpetrated by Bank of America.

Accordingly, the statute of limitations may not be tolled under the circumstances identified in the above-cited Third Circuit case. Plaintiffs' TILA and HOEPA claims under Count IV are therefore dismissed with prejudice.

**D. Count V**

In Count V of the FAC, Plaintiffs attempt to assert a breach of contract claim against Bank of America. To state a claim for breach of contract under New Jersey law, the plaintiff must allege facts demonstrating that: "[1] the parties entered into a valid contract, [2] the defendant failed to perform his obligations under the contract, and [3] the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).

With respect to their breach of contract claims against Bank of America, Plaintiffs allege only that "Bank of America Corporation, [sic] colluded with [D]efendant[s] Argent Mortgage Company, and Citigroup Inc. . . . to breach subprime mortgage contract." (FAC ¶ 135). Thus, Plaintiffs have not satisfied the first element of a breach of contract claim—specifically, that they have not pleaded the existence of a contractual relationship between themselves and Bank of America. In fact, Plaintiffs allege that it is "[D]efendants Argent Mortgage Company, now [D]efendant Citigroup, Inc. . . . and [D]efendant Barclays Bank PLV, d/b/a/ Homeq Servicing Corporation" with whom they have entered into a contract. (*Id.* ¶ 134). Moreover, to the extent that Plaintiffs are attempting to argue that "BOA was the last mortgage contract holder as subsequent 'refinances' in 2004 were simply modifications of the original mortgage contract breached by lender BOA in 2002," the Court has already determined that these allegations are not pleaded in reasonable clarity pursuant to Rule 8(a).

For these reasons, Bank of America's motion to dismiss Plaintiffs' breach of contract claim is hereby granted, and Count V of Plaintiffs' FAC is dismissed as against Bank of America.

### IV. CONCLUSION

For the reasons stated above, Bank of America's motion to dismiss Plaintiffs' FAC is hereby granted in full. Given that the parties have now entered into the eleventh year of litigation and that Plaintiffs have, on numerous occasions (*see, e.g.,* ECF Nos. 365, 404, 409) been advised by this

Court as to the often incomprehensible nature of their allegations, the Court finds that permitting Plaintiffs to attempt to reassert these claims at a future date would be futile. Accordingly, each of Plaintiffs' claims against Bank of America are dismissed *with prejudice*. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: July 25, 2016

JOSE L. LINARES, U.S.D.J.