**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELEANOR SCHIANO and RALPH SCHIANO,<br><br>                        Plaintiffs,<br><br>v.<br><br>MBNA, *et al.*,<br><br>                        Defendants. | Civil Action No.: 5-1771 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of two motions for reconsideration of this Court's opinions and orders dismissing all claims against certain Defendants in the above-captioned matter with prejudice. Specifically, Plaintiffs seek reconsideration of this Court's July 25, 2016 order and opinion granting Defendant Bank of America's motion to dismiss. (ECF No. 553-14). Plaintiffs also seek reconsideration of this Court's August 10, 2016 opinion and order granting motions for summary judgment in favor of Defendants Citigroup, Inc. ("Citigroup") and Argent Mortgage Company, LLC ("Argent"). (ECF No. 561). All Defendants have opposed Plaintiffs' motions, and Plaintiffs have replied to same. The Court has reviewed all papers filed in support of and in opposition to the pending motions, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein Plaintiffs' motions for reconsideration (ECF Nos. 553, 561) are denied.

I.      **Background**

The facts of this action have been described at great length in a number of opinions issued by this Court, including in the two opinions from which Plaintiffs seek reconsideration. As such, and in the interest of judicial economy, the Court refers the parties to those opinions for a factual background.

## II.    Legal Standard

"[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (Martini, J.)); *see also Fellenz v. Lombard Investment Corp.,* 400 F.Supp.2d 681, 683 (D.N.J. 2005) (Thompson, J.). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.,* 161 F.Supp.2d 349, 352 (D.N.J. 2001) (Walls, J.). To prevail on a motion for reconsideration, the moving party must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance, Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.,* No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape,* 549 F.3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere

'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld,* 161 F.Supp.2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

### III.   Discussion

Plaintiffs now argue that their motions for reconsideration should be granted based upon the availability of newly discovered facts. (ECF No. 553-14, at 6; ECF No. 561-14, at 3). According to Plaintiffs, these critical facts stem from communications between themselves and Ocwen that occurred in July 2016. As, in typical fashion, Plaintiffs have included an excess of factual material in support of their motions, the Court declines to parse through this material to determine which particular information Plaintiffs deem most relevant. To that end, the following are the factual allegations pertaining to the July 2016 communications that Plaintiffs argue compel reconsideration of this Court's July 25th and August 10th Opinions and Orders.

Plaintiffs identify the new evidence that they deem relevant to the allegations against Bank of America, as follows:

> In July 2016, Gregg Tabakin, Esq. informs ACH withdrawal, that was ceased in 2014, is restored with Ocwen. Ocwen automated message, however, says there will be duplicate billing for July with a bank no longer used by [P]laintiffs. Plaintiffs gain assistance from Ocwen to fix ACH problem and Ocwen also restores access to website that had been denied previously. The website shows a billable charge to [P]laintiffs' account, Exh. 5, and [P]laintiffs contact Ocwen. Plaintiffs are first told they can only speak with a relationship manager, and are sent an email requesting documents for a loan modification. Plaintiffs call Ocwen again, and are directed to the Escalation department, whereby various Ocwen employees inform [P]laintiffs that there are numerous charges on their account, Exh. 6, and that many are related to foreclosure. Ocwen explains that fees charged in July 2010, were for foreclosure proceeding, Exh. 7, 8, which comports with [Pl]laintiffs' notice of acceleration [sic] of loan, in 2014, by class member inclusion in Mazzei vs The Money Store, Exh. 9, and by Quicken Loan denial due to "foreclosure," ECF 542-38. Ocwen informs [P]laintiffs that Homeq had no records prior to January, 2005 but Ocwen file erroneously reflects [P]laintiffs did

3

not make payment in November 2004.  Ocwen requested proof of payment, Exh. 10, 11, and 12.

On July 21, 2016, [P]laintiffs receive an email communication from Ocwen, identifying the owner of the loan as Wells Fargo Bank, NA, trustee, to Park Place Securities, Inc. (PPSI) 2004 WHQ2, and Ocwen provides a telephone for [P]laintiffs to call to verify the information.  Plaintiffs telephone the number, and are informed to leave a message. Plaintiffs receive a return phone call on July 22, 2016, from David Frazer, Wells Fargo Corporate Trust Services (WFCTS).  Mr. Frazer informs that WFCTC is only a default securities administrator for two trusts, one being a Freddie Mac trust, and confirms that the two trusts are—Freddie Mac (FM) REMIC 2859, and PPSI 2004 WHQ2, and that WFCTC does not own [P]laintiffs' loan.  The FM REMIC 2859, comports with Ocwen payment history that states "Investor—2859, Pool #1.  Mr. Frazer refers [P]laintiffs to Ocwen for default questions.

On July 29, [P]laintiffs receive a call from Ocwen, and return the call.  Ocwen apologizes for credit reporting errors. Ocwen informs that PPSI loan is in default, and that they do not know the current owner of the debt, Exh. 13.  On August 2, 2016 Ocwen informs [P]laintiffs that Ocwen acquired the loan after foreclosure in July 2010. On August 3, 2016, Ocwen informs [P]laintiffs that Wels Fargo, trustee, owns "title to their                                                                                      property.

(ECF No. 553-14 at 6-8).

With respect to Plaintiffs' motion as to Defendants Argent and Citigroup, Plaintiffs explain

the newly discovered evidence as follows:

In July 2016, it was discovered that Ameriquest/Citigroup, Argent's agent, had **withheld** [P]laintiffs' November 2004 payment instead of tendering it to the payee, PPSI, Wells Fargo, and Homeq, causing a default.  This lingering default has also caused Homeq, and Ocwen to place the loan in an undisclosed "foreclosure" status as early as 2010, Exh. 1, 5, and 6.  At the same time, July 2016, Ocwen formally advised the [P]laintiffs that the record shows they did not make their November payment in 2004 even though the check was cashed on December 13, 2004, by Ameriquest.  When [P]laintiffs advised Ocwen payment had actually been made, Ocwen requested proof of payment, Exh. 1, 2, 3, 4, and 7.  By letter dated August 5, 2016, ECF 5, p 3, Ocwen stated that they are:

"*unable to locate the payment remitted on December 13, 2004.  As the loan was service transferred by Lender (Argent Mortgage Company, LLC) to Homeq Servicing Corp., with the due date as of January 1, 2005.  Therefore, we request you to contact the Lender (Argent Mortgage Company, LLC).*"

(ECF No. 561-14 at 5) (emphasis in original).

4

Plaintiffs principally argue that this "new evidence" renders the Fourth Amended Complaint ("FAC") "obsolete." (ECF No. 553-14 at 11). Plaintiffs therefore appear to argue that they should be granted permission to file yet another amended pleading that incorporates evidence identified after the filing of the FAC. (*See id.* at 14-17). The Court will not address this argument, as the Court already considered and rejected this request in its July 25, 2016 Opinion. (*See* ECF No. 548 at 6, n.3).

Even if the Court were to grant Plaintiffs permission to file an amended pleading in what is now the eleventh year of litigation, Plaintiffs have not explained how the incorporation of the new evidence would cure the numerous factual and legal deficiencies that this Court identified in granting Bank of America's motion to dismiss and Argent and Citigroup's motions for summary judgment.

For example, the Court dismissed Plaintiffs' fraud claim as against Bank of America because the FAC failed to "identif[y] even a single misrepresentation made to them by Bank of America" and failed to alleged fraud with the degree of particularity required by Federal Rule of Civil Procedure 9(b). (ECF No. 548 at 7-8). Likewise, the Court granted summary judgment in favor of Argent and Citigroup on Plaintiffs' fraud claim based upon Plaintiffs' sworn testimony that neither Argent nor Citigroup made any misrepresentation to Plaintiffs. (ECF No. 554 at 7-10). Plaintiffs have not explained how the July 2016 evidence would cure these deficiencies as to any of the Defendants.

Moreover, Plaintiffs have not argued that the evidence identified in connection with their pending motions is responsive to any of the remaining claims that the Court found to be unsupported in law and in fact. That is, they have not argued: (1) that the evidence supports that Bank of America, Argent or Citigroup received kickbacks that would substantiate Plaintiffs'

RESPA claims (*see* ECF No. 548, at 8; ECF No. 554, at 13); (2) that Plaintiffs' TILA and HOEPA claims are not time-barred as to these particular Defendants (*see* ECF No. 548, at 11; ECF No. 554 at 15-18), or; (3) that Bank of America, Argent, or Citigroup falsely placed Plaintiffs in default thereby breaching any contract between Plaintiffs and any of those Defendants (*see* ECF No. 548, at 11-12; ECF No. 554 at 22).  In other words, Plaintiffs have failed to convince the Court that the evidence they identified as new and critical to their claims warrants reconsideration of the Court's opinions and orders dismissing Defendants Bank of America, Argent and Citigroup.  Plaintiffs' motions for reconsideration are, therefore, denied.

## IV.   Conclusion

For the reasons stated herein, Plaintiffs' motion for reconsideration of this Court's Orders and Opinions dismissing with prejudice all claims against Defendants Bank of America, Argent, and Citigroup are hereby denied.  An appropriate Order follows.

IT IS SO ORDERED.

DATED: September 22, 2016

_____
Jose L. Linares, U.S.D.J.