NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR AND RALPH SCHIANO, <br><br> Plaintiffs, <br><br> v. <br><br> MBNA et al., <br><br> Defendants. | Civil Action No.: 05-1771 (JLL) (JAD) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiffs Eleanor and Ralph Schiano's (collectively "Plaintiffs") letter application for emergent relief. (ECF Nos. 685, 686). Defendants Ocwen Loan Servicing, LLC, Barclays Bank, PLC, and Wells Fargo, N.A. (collectively "Defendants") filed a letter opposing the requested relief, (ECF No. 691), and Plaintiffs filed a reply, (ECF No. 692). Defendant Wells Fargo, N.A. also filed a separate letter opposing Plaintiffs' motion, (ECF No. 693), and Plaintiffs filed a reply, (ECF No. 694). In accordance with Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiffs' application. Upon careful consideration of the parties' submissions, as well as the balance of the docket for this matter, Plaintiffs' application is **DENIED**.

## I. BACKGROUND

This case is just two months short of having been litigated for fourteen years since its initiation in April of 2005. The nature of this action, as stated in Plaintiffs' Fifth Amended Complaint, "arises out of mortgage fraud, et al, resulting in the wrongful ongoing inability to

refinance out of the loan due to invalid mortgage title." (Fifth Am. Compl. ¶ 2, ECF No. 633). While the Court declines to engage in an unwieldy recitation of the background of this case, we note that the parties are intimately familiar with the facts in this action. As stated in the Court's September 22, 2016 Opinion, "the facts of this action have been described at great length in a number of opinions issued by this Court, including in the two opinions from which Plaintiffs seek reconsideration. [I]n the interest of judicial economy, the Court refers the parties to those opinions for a factual background." (ECF No. 572).

Since that Opinion, the parties engaged in significant motion practice requesting various forms of relief, and they continued to work with Special Master Nicholas A. Grieco, Esq., and this Court in an effort to resolve conflicts and move the case toward settlement. Unfortunately, there has been minimal if any progress toward a resolution of this matter. (*See e.g.* Dec. 18, 2018 Tr. of Hr'g at 6:16-7:18, ECF No. 687). For example, Plaintiffs' efforts to refinance, which flow from the Court's suggestion that the parties may significantly resolve their disputes if Plaintiffs refinance their mortgage loan, have been ongoing since the appointment of Special Master Grieco on October 9, 2014. (ECF No. 489). Following Special Master Grieco's resignation on May 23, 2018, (ECF No. 669), the Court appointed Title Agent Peter Uzzolino of Acres Land Title Agency, Inc., on May 24, 2018, to facilitate the ongoing refinancing process. (ECF No. 661). It appeared that Plaintiffs came close on several occasions to securing the elusive refinance of their mortgage, but each time there has been some impediment, usually related to Defendant Ocwen's alleged interest in the loan, or lack thereof. Furthermore, and critical to this application, the parties cannot agree on the identity of the owner of the loan.

At the December 18, 2018 status conference, Plaintiffs raised the possibility of a Court-ordered discharge of the mortgage once Plaintiffs secured refinancing. (Dec. 18, 2018 Tr. of Hr'g

at 12:2-5, ECF No. 687). The Court acknowledged that a Court-ordered discharge of the mortgage would be possible if all parties agreed to a consent order.

On January 11, 2019, Plaintiffs filed the present application notifying the Court they were approved for a mortgage and seeking Court intervention. (ECF No. 685). Plaintiffs request the following relief: a Court-ordered "discharge of all liens and debts associated with Plaintiffs' current loan so that the Plaintiffs' pending refinance can be effectuated"; indemnification from Ocwen and Wells Fargo Bank, N.A.; and the Court's permission to name JPMorgan Chase as a required party to this litigation. (*Id.*). Plaintiffs argue that "an immediate Court discharge is urgent to mitigate further Plaintiff loss," and "[i]ndemnification is necessary to protect against payoff to improper part[ies], and prevent Plaintiffs' loan from again taking a distressed debt path." (ECF No. 685-1). Plaintiffs claim that they submitted a proposed discharge to Defendants with the stipulation that both Ocwen and Wells Fargo Bank, N.A. would indemnify Plaintiffs, but that Defendants would not consent. (*Id.*).

Plaintiffs now claim that Old Republic Title, the title company retained by Plaintiffs and associated with the most recent refinancing, will not issue a title policy to Plaintiffs without a Court-ordered discharge of the mortgage. (ECF No. 686-1). Plaintiffs' application states that "[t]he [identity of the] owner, holder, [and] mortgagee continues to be in dispute" between the various parties and entities related to this action. (ECF No. 685-1). Plaintiffs' refinancing commitment will expire on February 2, 2019, and they claim that "[t]his is likely [their] last opportunity to obtain a refinance." (ECF No. 692-3).

Defendants filed a joint letter in opposition to Plaintiffs' application for emergent relief, (ECF No. 691), and Defendant Wells Fargo, N.A. filed an additional letter in opposition, (ECF No. 693). As to Plaintiffs' request for a Court-ordered discharge and indemnification, Defendants correctly note that Plaintiffs have failed to cite any legal authority that demonstrates the Court's

3

authority to issue such an order. (ECF No. 691). Defendants also allege that Plaintiffs failed to plead this relief in the Fifth Amended Complaint.[1] As to the Plaintiffs' request to add JPMorgan Chase as a party to this litigation, Defendants oppose any further amendments to the Fifth Amended Complaint, arguing that "Plaintiffs present no legal or factual basis to include Chase in this action," (ECF No. 691), and that the Court declared that the Fifth Amended Complaint was to be Plaintiffs' final pleading in this case. (ECF No. 693) (Oct. 12, 2017 Tr. of Hr'g at 60:2-9, ECF No. 627).

## II. **LEGAL DISCUSSION**

It is apparent from Plaintiffs' application that they are seeking dispositive relief.[2] The Court cannot grant this relief on an emergent basis for several reasons. First, the case is, once again, in the pleading stage and Defendants have recently filed motions to dismiss on January 22, 2019, (ECF No. 688), and January 23, 2019, (ECF No. 690). The Court cannot grant relief for claims that the Court may well find invalid upon consideration of Defendants' motions. Plaintiffs' application raises issues that ultimately need to be addressed through discovery and at trial, or at the very least on a full record. There is an insufficient record to properly consider Plaintiffs' application for the Court to issue a discharge of Plaintiffs' mortgage and require Defendants to indemnify Plaintiffs.

Plaintiffs cannot satisfy the standard for emergent relief.[3] Although not specifically requesting injunctive relief, Plaintiffs seek a Court-ordered discharge of their mortgage, a form of relief that is equitable in nature.

### A. Likelihood of Success on the Merits

---

[1] The Court finds that this statement is not entirely accurate. The Second Count of the Fifth Amended Complaint states in pertinent part: "Accordingly, the Court should rule that . . . any liens, mortgages, or debts are discharged[.]" (Fifth Am. Compl. ¶ 111. ECF No. 633).

[2] The Court will not consider Plaintiffs' request to add a new party at this time, as they have not properly moved to add a new party and there is certainly no emergent reason to do so.

[3] No party has suggested a legal standard by which this Court should decide Plaintiffs' application. Because Plaintiffs' seek emergent equitable relief, the Court shall use the legal standard commonly applied to applications for preliminary injunctive relief.

4

While there may be a legitimate issue regarding whether Plaintiffs' mortgage can be discharged, it is unclear whether the fault giving rise to the issue—if such fault exists—lies with the Defendants. While Plaintiffs may ultimately succeed on the merits in this matter, the Court cannot say with any reasonable certainty at this time that there is a reasonable likelihood of success on this issue.

**B. Irreparable Harm**

The second element for emergent equitable relief is that the denial of such relief will result in irreparable harm to the movant. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). A plaintiff must establish more than a *risk* of irreparable injury. *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 205 (3d Cir. 1990) (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)) (emphasis added). Rather, a plaintiff must demonstrate a "clear showing of *immediate* irreparable injury." *Id.* It is well settled that "[e]conomic loss does not constitute irreparable harm." *Acierno v. New Castle Cnty.*, 40 F. 3d 645, 633 (3d Cir. 1994).

Plaintiffs cannot satisfy this burden. Plaintiffs seek a court-ordered discharge of the mortgage because Defendants allegedly would not sign a consent order and Plaintiffs new title company, Old Republic, will allegedly not issue Plaintiffs a title policy without a Court-ordered discharge of the mortgage. Plaintiffs argue that their request for relief is urgent because their mortgage commitment expires February 2, 2019. Urgency resulting from a looming deadline or a perceived lack of solutions is not enough to demonstrate the type of *immediate* and *irreparable* injury that warrants the relief sought here. Additionally, Plaintiffs have not demonstrated, and the Court cannot identify, a scenario in which Plaintiffs would be left without any redress should they not succeed in acquiring a Court-ordered discharge. As frustrated as Plaintiffs may be if the mortgage commitment expires, Plaintiffs have not established that they would be left without further

options to refinance. Further, should this case proceed to trial, and should the outcome be favorable to Plaintiffs, Defendants will be called upon to remedy any losses that Plaintiffs suffered. All of Plaintiffs' damages are essentially economic. Thus, Plaintiffs have failed to meet the second element required for equitable relief.

### C. Balance of the Interests

As noted above, Defendants have recently filed two motions to dismiss Plaintiffs' Fifth Amended Complaint. Surely, if the Court has allowed Plaintiffs to amend their pleading for a fifth time at this stage of the litigation, then in the interests of fairness, Defendants should be given a full opportunity to be heard on their motions to dismiss. This is especially crucial given that a determination of the validity of Plaintiffs' claims could directly impact Plaintiffs' request for equitable relief. Accordingly, a balance of the interests weighs in favor of denying Plaintiffs' request.

### D. Public Interest

As there is no public interest calling for a resolution of Plaintiffs' claims, this factor does not weigh in favor of granting Plaintiffs' request for relief.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for emergent relief is **DENIED**. An appropriate Order follows this Opinion.

Date: January 3/, 2019

JOSE L. LINARES
Chief Judge, United States District Court