NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR SCHIANO and RALPH SCHIANO, <br><br> Plaintiffs, <br><br> v. <br><br> MBNA., *et al.*, <br><br> Defendants. | Case No.: 2:05-cv-1771 (BRM) (JAD) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are two motions to dismiss the Fifth Amended Complaint filed by Defendants Ocwen Loan Servicing, LLC, Barclays Bank PLC, and Wells Fargo Bank, N.A. trustee for Park Place Securities, Inc. Asset-Back Pass-Through Certificates, Series 2004-WHQ2 trust, as well as by Wells Fargo Bank, N.A (collectively referred to as "Defendants"). (ECF Nos. 688, 690.) Plaintiffs oppose these motions (ECF Nos. 699, 700), and Defendants filed replies to same (ECF Nos. 701, 702). Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, Defendants' motions are **DENIED AS MOOT**.

**I.     BACKGROUND**[1]

This matter is now in its fourteenth year of active litigation.  According to the FAC, this matter "arises out of mortgage fraud, et al, resulting in the wrongful ongoing inability to refinance out of the loan due to invalid mortgage title."  (ECF No. 633 ¶ 2.)  For the sake of brevity, and due to the familiarity of the Court and the parties with this case, the Court again declines to engage in an "unwieldy recitation of the background of this case."  (ECF No. 695.)  Detailed background facts can be found in this Court's previous opinions.  (ECF Nos. 572, 695.)

There have been few developments since the Court's January 31, 2019 Opinion.  Most importantly, the Court held a settlement conference on July 8, 2019, again attempting to guide the parties to a resolution of this matter.  (ECF No. 710.)  While that attempt was ultimately unsuccessful, the parties agreed to continue to work on the refinancing of Plaintiffs' loan in good faith while the Court proceeded with the pending motions to dismiss addressed herein.  (ECF No. 710.)  Because Plaintiffs voluntarily dismissed the fourth count of the FAC (ECF No. 665), which alleged a violation of the Fair Credit Reporting Act and was the only federal claim in the FAC, the Court's jurisdiction over this matter is now dependent on the existence of complete diversity among the parties.  28 U.S.C. § 1332.

**II.    LEGAL STANDARD**

Although this case arises on a motion to dismiss, "federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a

---

[1] The facts as stated herein are taken as alleged in Plaintiffs' Fifth Amended Complaint ("FAC"). (ECF No. 633.)  For purposes of this motion to dismiss, these allegations are accepted by the Court as true.  *See Phillips v. Cty. of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008) ("The District Court, in deciding a motion [to dismiss under Rule] 12(b)(6), was required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff].").

challenge from any party.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). District courts are vested with original jurisdiction over civil actions "where the amount in controversy exceeds $75,000 and is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002). In order for a district court to possess diversity jurisdiction over the parties, the parties must be completely diverse, "meaning that 'no plaintiff can be a citizen of the same state as any of the defendants." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016). Diversity jurisdiction must have been present at the time of filing of the case. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004).

### III. DECISION

The FAC names HomEq Servicing Corporation and HomEq Servicing (collectively, "HomEq") as a defendant. HomEq was originally added as a defendant when Plaintiffs filed their Second Amended Complaint on April 15, 2008. (ECF No. 84.) According to the FAC, HomEq is now owned by Ocwen Loan Servicing, which is a Florida corporation. (ECF No. 633 ¶ 4.) It appears that Ocwen completed its acquisition of HomEq in September of 2010. Christine Ricciardi, *Ocwen Closes HomEq Buy, More than 1,000 Job Cuts Possible*, HousingWire (Sep. 3, 2010), https://www.housingwire.com/articles/ocwen-closes-homeq-buy-more-1000-job-cuts-possible. HomEq, however, was originally a New Jersey corporation (ECF No. 633 ¶ 4), and thus a citizen of New Jersey. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."). Plaintiffs are also New Jersey

3

citizens. (ECF No. 633 ¶ 3.) HomEq's change in citizenship, by virtue of Ocwen's acquisition of it, does not cure the jurisdictional defect. *Grupo Dataflux*, 541 U.S. at 575 (explaining that a change of citizenship of a continuing party is insufficient to cure a lack of diversity jurisdiction).[2] Thus, there is not complete diversity, and this Court lacks jurisdiction over this matter and it must be dismissed.[3] *Komatsu v. NYP Holdings, Inc.*, No. 12-07088, 2013 WL 504602, at *3 (D.N.J. Feb. 7, 2013).

## IV. CONCLUSION

For the reasons stated herein, the Court dismisses this action and Defendants' motions are denied as moot. An appropriate Order accompanies this Opinion.

DATED: August 5, 2019

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court is aware that HomEq may now be a nominal party. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (explaining that an that where an acquiring company absorbs the debts, liabilities, and duties of the purchased company, the purchased company becomes a nominal party whose citizenship must be disregarded for purposes of a diversity jurisdiction analysis). However, a jurisdictional analysis must assess the facts at the time of filing, *Grupo Dataflux*, 541 U.S. at 570–71, and HomEq's status as a real party in interest at the time of filing is what controls, *cf., Jenkings v. Bank of Am.*, No. 14-0454, 2015 WL 331114, at *7 (C.D. Cal. Jan. 26, 2015) (explaining that a party's citizenship is relevant to a diversity jurisdiction analysis even if that party was rendered a nominal party after removal of the action to federal court); *Hernandez v. First Horizon Loan Corp.*, No. 11-00200, 2011 WL 2531959, at *2 (N.D. Cal. June 24, 2011) (same).

[3] The parties have been on notice since October of 2017 that the FAC will be the final pleading in this case and that the Court will not allow any further amendments to the complaint. (ECF No. 627, Oct. 12, 2017 Hr'g Tr. at 60:2–9.)

4